**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NO. 6:21-cv-00740 ADA** |
| v. | ) | **REDACTED VERSION** |
| | ) | |
| SZ DJI TECHNOLOGY CO., LTD., | ) | |
| DJI EUROPE B.V., AND | ) | |
| DJI TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DJI TECHNOLOGY, INC.'S MOTION TO TRANSFER
OR IN THE ALTERNATIVE DISMISS FOR IMPROPER VENUE**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 1

III.  LEGAL STANDARDS ........................................................................................ 3

IV.   ARGUMENT ....................................................................................................... 3

      A.    Venue Is Improper for DJI Technology .................................................. 3

            1.    DJI Technology Does Not Reside in This District .................................... 4

            2.    DJI Technology Does Not Have a Regular and Established Place
                  of Business in This District ......................................................................... 4

      B.    This Court Should Transfer or, in the Alternative, Dismiss the Case as to
            DJI Technology ........................................................................................... 12

      C.    DJI Technology's Past Litigation in This District Does Not Constitute
            Consent That Venue Is Proper ................................................................. 13

V.    CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Andra Group v. Victoria's Secret Stores, L.L.C.*,
  6 F.4th 1283 (Fed. Cir. 2021) ....................................................................... *passim*

*Correct Transmission LLC v. ADTRAN, Inc.*,
  2021 WL 1967985 (W.D. Tex. May 17, 2021) ...............................................10, 12

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)....................................................................... *passim*

*Daedalus Blue LLC v. SZ DJI Technology Co., Ltd.*,
  6-20-cv-00073, Dkt. No. 29 (W.D. Tex. Jul. 13, 2020)...........................................13

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020)....................................................................................5

*KOSS Corp. v. PEAG LLC*,
  Case No. 6-20-CV-00662-ADA, Dkt. No. 43 (W.D. Tex. June 22, 2021)..............10

*Meyer v. Holley*,
  537 U.S. 280 (2003)......................................................................................................5

*StratosAudio, Inc. v. Volkswagen Group of America*,
  Case No. 6:20-CV-01131-ADA, Dkt. No. 58 (W.D. Tex. Sept. 20, 2021)...............8

*Synergy Drone, LLC v. SZ DJI Tech. Co., Ltd.*,
  No. 1-17-cv-00242, Dkt. No. 71 (W.D. Tex. Apr. 29, 2019) .................................13

*TC Heartland LLC v. Kraft Foods Grp. LLC*,
  137 S. Ct. 1514 (2017)............................................................................................3, 4

*WSOU Investments, LLC v. ZTE Corp.*,
  2021 WL 3474009 (W.D. Tex. Aug. 6, 2021).......................................................10

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)....................................................................................3

**Federal Statutes**

28 U.S.C. § 1400(b) .......................................................................................1, 3, 4, 5

28 U.S.C. § 1406(a) ....................................................................................1, 3, 4, 12

**Federal Rules**

Fed. R. Civ. P. 12(b)(3)......................................................................................................1, 4

**Other Authorities**

https://droneanalyst.com/2021/03/16/drone-channel-mayhem-dji-rewrites-the-rules.....................8

https://www.dji.com/where-to-buy/enterprise-dealers ...................................................................11

https://www.dji.com/where-to-buy/retail-stores......................................................................2, 11

https://www.dji.com/where-to-buy/retail-stores?site=brandsite&from=homepage ......................11

## I.    INTRODUCTION

Defendant DJI Technology, Inc. ("DJ Technology") moves to transfer under 28 U.S.C. § 1406(a) to the Central District of California, or in the alternative, to dismiss DJI Technology for lack of venue. Venue is improper under 28 U.S.C. § 1400(b) as to DJI Technology because, as a California corporation, it does not reside in this District and does not have "a regular and established place of business" in this District. Under § 1406(a), the Court must either dismiss the case as to DJI Technology or alternatively transfer it to a district where the case could have been brought.

Defendants SZ DJI Technology Co., Ltd. ("SZ DJI") and DJI Europe B.V. ("DJI Europe") have filed a separate motion to transfer for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a) to the Central District of California. If this Court grants SZ DJI and DJI Europe's motion to transfer, then it should also transfer the case with respect to DJI Technology to the Central District of California. Plaintiff Textron Innovation Inc.'s ("Textron") patent infringement allegations against all three Defendants are identical, so transferring the case as to all three Defendants to the district in which DJI Technology is headquartered will promote efficiency and avoid duplicative litigation.

Alternatively, if the Court does not grant SZ DJI and DJI Europe's motion to transfer, the Court should dismiss the Complaint against DJI Technology under Fed. R. Civ. P. 12(b)(3) and § 1406(a) for lack of venue.

## II.    BACKGROUND

Textron filed its Complaint on July 19, 2021, accusing all three Defendants—DJI Technology, SZ DJI, and DJI Europe—of directly and indirectly infringing five U.S. patents

related to drone technology.[1] Neither Textron nor DJI Technology, however, is organized under the laws of Texas or has its principal place of business in this District. Textron is a Delaware corporation with its principal place of business at 40 Westminster Street, Providence, Rhode Island 02903. DJI Technology is a California corporation with its principal place of business at 201 S. Victory Blvd, Burbank, CA 91502. Bi Decl. ¶¶ 2-3.

Textron alleges that the asserted patents originated from one of its subsidiaries, Bell Textron Inc. ("Bell"). Complaint ¶ 5. According to Textron, Bell is "based in Fort Worth, Texas," located within the Northern District of Texas. Complaint ¶ 6. Textron does not allege any facts to suggest that Textron or the asserted patents have any ties to the Western District of Texas.

Textron also does not allege that DJI Technology has a physical location or employees within this District. Instead, it alleges that DJI Technology "has a regular and established place of business through its authorized resellers[] and dealers, and DJI's online store selling directly into this district, all of which are shown on DJI's website." Complaint ¶ 13. Textron alleges that DJI Technology "exercises control over its resellers and dealers in a way that renders them DJI Technology's agents in this district." *Id.* Textron does not explain its basis for alleging that DJI Technology exercises control over resellers, which include companies like Walmart and Best Buy. *See* https://www.dji.com/where-to-buy/retail-stores. For dealers, this allegation of control is based on an application process DJI Technology allegedly requires dealers to go through that "culminates with a cooperative agreement and signed contract that allows DJI Technology to work together with the dealers." *Id.* According to Textron, DJI Technology "controls these

---

[1] The asserted patents are U.S. Patent Nos. 8,014,909; 8,078,395; 8,108,085; 9,162,752; and 10,243,647.

dealers by, among other things, requiring them to maintain minimum pricing requirements" and "punishes dealers that do not strictly adhere to DJI Technology's requirements, including by taking away access to DJI Technology's product if the dealers explore business with DJI's competitors." *Id.*

## III.    LEGAL STANDARDS

"[T]he Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Venue is proper in a patent infringement case in the judicial district where the defendant (1) "resides," or (2) "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. LLC*, 137 S. Ct. 1514, 1518 (2017) (stating that § 1400(b) is "the exclusive provision controlling venue in patent infringement proceedings"). For the purposes of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation." *TC Heartland*, 137 S. Ct. at 1517. There are three general requirements that must be satisfied for a defendant to have "a regular and established place of business": "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any one of these three requirements is missing, venue is improper. *Id.* If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## IV.    ARGUMENT

### A.    Venue Is Improper for DJI Technology

Because DJI Technology is a U.S. company, Textron must demonstrate that venue is proper under 28 U.S.C. § 1400(b). As explained below, it cannot do so because DJI Technology does not reside within the Western District of Texas and does not satisfy the three prongs of the

*Cray* analysis required to show a regular and established place of business in this District. For this reason, the Court "shall dismiss, or if it be in the interest of justice, transfer" the case as to DJI Technology to a district where it could have been brought. 28 U.S.C. § 1406(a). In the interest of justice, the Court should transfer the entire case to the Central District of California, where DJI Technology is headquartered, along with Defendants SZ DJI and DJI Europe. Alternatively, if the Court does not grant the motion to transfer as to SZ DJI and DJI Europe, then the case should be dismissed as to DJI Technology under Rule 12(b)(3) and § 1406(a).

### 1.   DJI Technology Does Not Reside in This District

Textron correctly states that DJI Technology is a California corporation. Complaint ¶ 4; Bi Decl. ¶ 2. Because a defendant only "resides" in its state of incorporation, DJI Technology does not reside in this District for the purposes of § 1400(b). *TC Heartland*, 137 S. Ct. at 1517. Venue is therefore not proper under the first part of § 1400(b). *Id.*; *see Cray*, 871 F.3d at 1360.

### 2.   DJI Technology Does Not Have a Regular and Established Place of Business in This District

Textron also cannot demonstrate that venue is proper under the second part of § 1400(b) because DJI Technology does not have "a regular and established place of business" in the Western District of Texas.

#### a)   DJI Technology does not maintain a physical place in this District

Venue is only proper if Textron shows that DJI Technology maintains "a physical place in the district." *Cray*, 871 F.3d at 1360. This "place" must be "a physical, geographic location in the district from which the business of the defendant is carried out." *Id.* at 1362. Textron argues that DJI Technology "has a regular and established place of business through . . . DJI's online store selling directly into this district." Complaint ¶ 13. An online store, however, is not "a physical, geographic location in the district." *Cray*, 871 F.3d at 1362. Indeed, *Cray* specifically

4

rejected reading "place" in § 1400(b) to include "a virtual space" or "electronic communications from one person to another." *Id.* The mere fact that individuals in this District can access DJI's online store via its website is not "a physical place in the district." *Id.* at 1360.

Because an online store is not a physical, geographic location in this District, the only way Textron can demonstrate venue with respect to DJI Technology is based on its alternative theory that "DJI Technology has a regular and established place of business through its authorized resellers[] and dealers." Complaint ¶ 13. As discussed below, this theory also fails.

> **b)      DJI Technology does not maintain a regular and established place of business**

Venue is only proper if Textron shows that an alleged physical place in the district is a "regular and established place of business." *Cray*, 871 F.3d at 1360. Merely "sporadic activity" cannot satisfy this requirement. *Id.* at 1362. The statute "requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).

Textron does not allege that DJI Technology has any employees that conduct DJI Technology's business at any place of business in this District. Indeed, DJI Technology has no employees that live or regularly conduct DJI Technology's business in this District. Bi Decl. ¶ 4. Instead, Textron relies exclusively on an agency theory to argue that the "resellers and dealers" are DJI Technology's agents.

But Textron has not demonstrated an agency relationship between DJI Technology and any dealer or reseller in this District. "The essential elements of agency are (1) the principal's 'right to direct or control' the agent's actions, (2) 'the manifestation of consent by the principal to the agent that the agent shall act on his behalf,' and (3) the 'consent by the agent to act.'" *Id.* (quoting *Meyer v. Holley*, 537 U.S. 280, 286 (2003)). ▬▬▬▬▬▬▬▬▬

5

██████████████████████████████████████ Therefore, DJI Technology does not control and is not responsible for the activities of alleged "resellers and dealers." Even when other DJI entities are taken into account, Textron's allegations are still false.

First, Textron alleges no facts to support its bare assertion that DJI exercises control over the resellers. All of the allegations are focused only on DJI's registration procedure with respect to resellers. Complaint ¶¶ 11, 13. As shown in the screenshots from the dji.com website Textron cites in the Complaint, however, exemplary resellers in this District include large companies like Walmart and Best Buy:





Textron has not shown that DJI exercises any control over any resellers—much less over large companies like Walmart and Best Buy—such that they are agents of DJI. Likewise, Textron has not alleged any facts to suggest that DJI has consented to any resellers acting on DJI's behalf, or that such alleged resellers have consented to so act. Without such proof, Textron cannot satisfy the second prong of the *Cray* analysis.

Second, Textron alleges that DJI Technology controls dealers by requiring them "to maintain minimum pricing requirements" and "taking away access to DJI Technology's product if [it] explore[s] business with DJI's competitors." *See, e.g.*, Complaint ¶ 13. These allegations are not true. ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████ No DJI entity (including DJI Technology), therefore, exercises control over any dealer or reseller by requiring them "to maintain minimum pricing requirements," as alleged.

But even if these allegations were true, courts have rejected an agency relationship in similar situations. In *Andra*, the plaintiff alleged that one "Non-Store" defendant controlled a company with stores in the district (referred to as "Stores" in the opinion) based on its dictating store workers' handling returns of merchandise purchased on the Victoria's Secret website. *See, e.g.*, *Andra Group v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1288 (Fed. Cir. 2021). The Federal Circuit rejected that this created an agency relationship with Stores because, while the returns may benefit the Non-Store defendant, the plaintiff did not show it "controls this process." *Id.* at 1289. The plaintiff also alleged another "Non-Store" defendant closely controlled the distribution and sales of its products exclusively available through store locations within the district and the website. *Id.* at 1288. The Federal Circuit likewise rejected that this created an

7

agency relationship with Stores because the defendant's "close control of its products and the website does not equate to 'the right to direct or control' employees at the physical Stores locations in the District." *Id.* at 1289.

For similar reasons here, Textron's allegations that DJI Technology controls dealers by requiring them "to maintain minimum pricing requirements" and "taking away access to DJI Technology's product if [it] explore[s] business with DJI's competitors," even if true, do not make any of the dealers or their employees DJI's agents. Complaint ¶ 13. ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████ DJI Technology does not have any agents in the Western District of Texas. Zhang Decl. ¶ 4; *see also* Bi Decl. ¶ 4.

Textron also cites an article to support its allegations of control. Complaint ¶ 13. That article, however, states that dealers have the "ability to negotiate prices directly with customers and respond to bidding opportunities." *See* https://droneanalyst.com/2021/03/16/drone-channel-mayhem-dji-rewrites-the-rules. The article also states that, as of March 2021, DJI "moved to sell much of its enterprise products online" to compete with its distribution partners, suggesting that resellers and dealers are not conducting DJI's business on DJI's behalf. *Id.* The fact that DJI competes with its distribution partners (among other reasons) distinguishes this case from *StratosAudio, Inc. v. Volkswagen Group of America*, where the only way the defendant could conduct business in this District was through its authorized dealerships in this District. Case No. 6:20-CV-01131-ADA, Dkt. No. 58 at 10 (W.D. Tex. Sept. 20, 2021).

### c)    Any physical, regular and established place of business is not DJI Technology's

Venue is only proper if Textron shows that an alleged physical, regular and established place of business in the district is "the place of the defendant." *Cray*, 871 F.3d at 1360. If, for example, the place is "solely a place of the defendant's employee," that is insufficient for venue. *Id.* at 1363. "[T]he defendant must establish or ratify the place of business." *Id.* "It is not enough that the employee does so on his or her own." *Id.* "[W]here related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes." *Andra*, 6 F.4th at 1289.

The Federal Circuit has identified relevant considerations for determining whether a place of business is that "of the defendant," including whether the defendant "owns or leases the place, or exercises other attributes of possession or control over the place"; "conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place"; "holds out a place for its business" in marketing or advertisements; "lists the alleged place of business on a website, or in a telephone or other directory"; and "places its name on a sign associated with or on the building itself." *Id.* at 1363-64. The defendant still "must actually engage in business from that location," even if it has advertised or set up the place of business. *See id.* at 1364. A comparison between the nature and activity of the alleged place of business in the district with other places of business in different venues "might reveal that the alleged place of business is not really a place of business at all." *Id.*

None of the above factors weighs in favor of treating the places of business of any dealers and resellers as DJI Technology's place of business. Even if Textron's allegations of control over dealers were true (and they are not), that does not demonstrate DJI (let alone DJI Technology)

9

exercises any attributes of possession or control over any *place of business* of such dealers or resellers. An agency relationship alone between a defendant and its retailers with respect to the defendant's products is not sufficient to establish venue where the defendant does not own or lease real property or otherwise control a physical space in this District. *See, e.g.*, *KOSS Corp. v. PEAG LLC*, Case No. 6-20-CV-00662-ADA, Dkt. No. 43 at 7 (W.D. Tex. June 22, 2021). "DJI Technology does not own, lease, manage, or maintain real property or otherwise control a physical space in the Western District of Texas." Bi Decl. ¶ 3. Accordingly, as this Court found in *WSOU Investments, LLC v. ZTE Corp.*, the Defendants do not "own, lease, operate, manage, maintain, or otherwise exercise possession or control over" any physical location "or other real or personal proper[ty] in this District." 2021 WL 3474009, at *4 (W.D. Tex. Aug. 6, 2021); *see also , e.g.*, *KOSS*, Case No. 6-20-CV-00662-ADA, Dkt. No. 43 at 6-7 (finding lack of venue where the defendant "d[id] not participate in any business operations at the sites where" its products were sold and did not control any physical space in this District).

███████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

In *Andra*, the plaintiff failed to prove proper venue under similar facts. *Andra*, 6 F.4th at 1289-90. The plaintiff argued that certain defendant entities that lacked a store in the district ("Non-Store Defendants") ratified the retail stores of other defendants ("Store Defendants") as their own. *Id.* at 1289. The court held "the fact that the entities work together in some aspects . . .

is insufficient to show ratification." *Id.* Indeed, unless the two entities fail to observe corporate formalities, "the place of business of one corporation is not imputed to the other for venue purposes." *Id.* Moreover, the court held that, while a website included a "Find a Store" feature that points to retail stores in the district, those retail stores are the locations of the Store Defendants, not the Non-Store Defendants. *Id.* at 1230. "The Non-Store Defendants do not display their corporate names in the retail locations"; they "carry out different business functions than" the Store Defendants; and "the companies' shared use of 'Victoria's Secret' in their name does not detract from the separateness of their business." *Id.*

Similarly, DJI does not ratify the locations of the alleged dealers or resellers in this District such that those locations are deemed those of DJI. Indeed, the case for lack of venue is even stronger here than in *Andra* because Textron is relying exclusively on the alleged physical locations of dealers and resellers in this District, not on the alleged physical locations of any subsidiaries or related entities of DJI Technology. For example, Textron relies on DJI's website having a "Where To Buy" tool. *See* https://www.dji.com/where-to-buy/retail-stores?site=brandsite&from=homepage. All of the companies identified by that tool are identified by their own company name, not by DJI Technology's branding. *See generally* https://www.dji.com/where-to-buy/enterprise-dealers. The same is true for the alleged resellers. *See* https://www.dji.com/where-to-buy/retail-stores. █████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████

Textron cannot show that DJI Technology exercises any control over the locations of any alleged dealer or reseller. ████████████████████████████████

████████████████████ It has not approved of or ratified the location of any alleged dealer or reseller. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

The fact that DJI and its alleged dealers and/or resellers "work together in some aspects" does not demonstrate that the locations belonging to those dealers and resellers are those of DJI Technology. *See Andra*, 6 F.4th at 1290; *see also Correct Transmission*, 2021 WL 1967985, at *3 (holding "an independent contractor relationship is insufficient to satisfy the third element of *Cray*").

Accordingly, Textron has not established that any alleged regular and established physical place in this District is that of DJI Technology. "All three *Cray* factors must be met for venue to be proper against a defendant." *Andra*, 6 F.4th at 1290. As a result, venue as to DJI Technology is improper.

### B.      This Court Should Transfer or, in the Alternative, Dismiss the Case as to DJI Technology

Section § 1406(a) states that when venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case could have been brought in the Central District of California, as DJI Technology is headquartered there, Bi Decl. ¶ 2, meaning that both personal jurisdiction and venue are satisfied in the Central District of California. And because Textron does not assert individualized allegations of patent infringement against the three Defendants, it is in the interest of justice to keep the parties together and transfer the case there. Alternatively, if this Court does not transfer the case as to SZ DJI and DJI Europe, the Court should dismiss the Complaint as to DJI Technology.

12

**C.      DJI Technology's Past Litigation in This District Does Not Constitute Consent That Venue Is Proper**

Textron alleges that "all Defendants have litigated in this district before without challenging venue," citing two previous cases. These cases, however, do not show that venue is proper as to DJI Technology. In one of those cases, DJI Technology was not even a defendant. *See Daedalus Blue LLC v. SZ DJI Technology Co., Ltd.*, 6-20-cv-00073, Dkt. No. 29 (W.D. Tex. Jul. 13, 2020) (answer for SZ DJI and DJI Europe). In the other case, the Defendants stated that "DJI does not challenge, *for the purpose of this action only*, whether venue is proper in the Western District of Texas" and specifically denied that "venue is convenient for the parties, witnesses and documents, and other facts, in the Western District of Texas for purposes of this action." *Synergy Drone, LLC v. SZ DJI Tech. Co., Ltd.*, No. 1-17-cv-00242, Dkt. No. 71 (W.D. Tex. Apr. 29, 2019) (emphasis added). As DJI Technology made clear, its consent to venue in one previous case does not constitute consent to venue in this District for this case.

**V.      CONCLUSION**

For the foregoing reasons, DJI Technology respectfully requests that the Court transfer this case to the Central District of California or, in the alternative, dismiss the Complaint against DJI Technology for lack of venue.


Dated: October 18, 2021                    Respectfully submitted,

                                           */s/ John P. Palmer*
                                           John P. Palmer
                                           State Bar No. 15430600
                                           John A. "Andy" Powell
                                           State Bar No. 24029775
                                           USPTO Reg. No. 71,533
                                           Jacqueline P. Altman
                                           State Bar No. 24087010
                                           **NAMAN, HOWELL, SMITH & LEE PLLC**
                                           400 Austin Avenue, Suite 800

13

Waco, Texas 76701
Telephone: 254.755.4100
Facsimile: 254.754.6331
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

Benjamin Schlesinger (*pro hac vice* to be filed)
Robert High (*pro hac vice* to be filed)
benjamin.schlesinger@finnegan.com
robert.high@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, Georgia 30363
Telephone: 404.653.6400
Facsimile: 404.653.6444

J. Michael Jakes (*pro hac vice* to be filed)
Qingyu Yin (*pro hac vice* to be filed)
Joshua Goldberg (*pro hac vice* to be filed)
Sydney Kestle (*pro hac vice* to be filed)
mike.jakes@finnegan.com
qingyu.yin@finnegan.com
joshua.goldberg@finnegan.com
sydney.kestle@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone: 202.408.4000
Facsimile: 202.408.4400

Jacob Schroeder (*pro hac vice* to be filed)
Jinwoo Kim (*pro hac vice* to be filed)
Yanyi Liu (*pro hac vice* to be filed)
jacob.schroeder@finnegan.com
jinwoo.kim@finnegan.com
yanyi.liu@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
Stanford Research Park
3300 Hillview Avenue, 2nd Floor
Palo Alto, California 94304
Telephone: 650.849.6600

14

Facsimile: 650.849.6666

*Counsel for Defendants SZ DJI Technology Co., Ltd., DJI Europe B.V., and DJI Technology, Inc.*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to all counsel of record who have appeared in this case per Local Rule CV-5(b) on October 18, 2021.

*/s/ John P. Palmer*                    
John P. Palmer