```
1                 UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TEXAS
2                       WACO DIVISION

3  TEXTRON INNOVATIONS, INC.) Docket No. WA 21-CA-740 ADA
                            )
4  vs.                      ) Waco, Texas
                            )
5  SZ DJI TECHNOLOGY CO.,   )
   LTD., DJI EUROPE B.V.    ) December 9, 2021
6

7       TRANSCRIPT OF VIDEOCONFERENCE DISCOVERY HEARING
             BEFORE THE HONORABLE ALAN D. ALBRIGHT
8

9  APPEARANCES:

10 For the Plaintiff:        Mr. Mark D. Siegmund
                             Steckler, Wayne, Cochran,
11                           Cherry, PLLC
                             8416 Old McGregor Road
12                           Waco, Texas 76712

13                           Mr. Harrison Rich
                             Baker Botts, LLP
14                           2001 Ross Avenue, Suite 900
                             Dallas, Texas 75201
15
                             Mr. Kevin J. Meek
16                           Baker Botts, LLP
                             98 San Jacinto Boulevard,
17                           Suite 1500
                             Austin, Texas 78701
18

19 For the Defendant         Mr. Benjamin R. Schlesinger
                             Finnegan, Henderson, Farabow,
20                           Garrett & Dunner, LLP
                             271 17th Street, N.W., Suite 1400
21                           Atlanta, Georgia 30363

22

23

24

25
```

1   **(Appearances Continued:)**

2   For the Defendant:          Mr. John P. Palmer
                                Naman, Howell, Smith & Lee
3                               P.O. Box 1470
                                Waco, Texas 76703

4

5   Court Reporter:             Ms. Lily Iva Reznik, CRR, RMR
                                501 West 5th Street, Suite 4153
6                               Austin, Texas 78701
                                (512)391-8792

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Proceedings reported by computerized stenography,
    transcript produced by computer-aided transcription.

| | | |
|---|---|---|
| 15:59:47 | 1 | THE COURT:  Good afternoon, everyone. |
| 15:59:49 | 2 | Suzanne, if you'd call the case, please. |
| 15:59:51 | 3 | THE CLERK:  Sure. |
| 15:59:52 | 4 | Discovery hearing in Civil Action W-21-CV-740, |
| 15:59:57 | 5 | styled, <u>Textron Innovations, Incorporated vs. SZ DJI</u> |
| 16:00:02 | 6 | <u>Technology Company, Limited</u>, and others. |
| 16:00:04 | 7 | THE COURT:  If I could have announcements |
| 16:00:06 | 8 | starting with plaintiff. |
| 16:00:10 | 9 | MR. SIEGMUND:  Good morning, your Honor. |
| 16:00:11 | 10 | This is Mark Siegmund with Steckler, Wayne, |
| 16:00:12 | 11 | Cochran & Cherry for Plaintiff Textron Innovations, |
| 16:00:15 | 12 | Incorporated.  With me are my colleagues, Kevin Meek and |
| 16:00:18 | 13 | Harrison Rich from Baker Botts, LLP.  We also have two |
| 16:00:21 | 14 | client representatives in attendance, Noah Tevis, |
| 16:00:24 | 15 | Associate General Counsel, and Elizabeth Pham, Senior |
| 16:00:28 | 16 | Assistant General Counsel for Bell Textron on behalf of |
| 16:00:32 | 17 | Textron Innovations, Incorporated.  And, your Honor, Mr. |
| 16:00:34 | 18 | Rich will be the main speaker today. |
| 16:00:36 | 19 | THE COURT:  Okay.  And announcements for |
| 16:00:38 | 20 | defendant. |
| 16:00:40 | 21 | MR. PALMER:  Your Honor, good afternoon. |
| 16:00:41 | 22 | John Palmer with Naman Howell for Defendants SZ |
| 16:00:45 | 23 | DJI Technology Company, Ltd., and DJI Europe B.V., which |
| 16:00:51 | 24 | we'll refer to as DJI.  And our lead speaker will be Ben |
| 16:00:56 | 25 | Schlesinger from Finnegan. |

| | | |
|---|---|---|
| 16:00:59 | 1 | THE COURT:  Let me try something perilous here. |
| 16:01:03 | 2 | It's not that perilous, really, but let me try this.  I |
| 16:01:07 | 3 | think I understand what is being sought here, which is |
| 16:01:12 | 4 | that the plaintiff would like to initiate discovery being |
| 16:01:15 | 5 | sent now because the defendants are -- it's a Chinese |
| 16:01:20 | 6 | defendant.  If -- I'll just ask Mr. Siegmund because he's |
| 16:01:23 | 7 | on my screen. |
| 16:01:24 | 8 | Mr. Siegmund, is that a fairly -- bottom line, |
| 16:01:27 | 9 | that's what we're here for? |
| 16:01:28 | 10 | MR. SIEGMUND:  Yes, your Honor. |
| 16:01:29 | 11 | THE COURT:  Okay.  So here is my proposal and |
| 16:01:32 | 12 | this is a proposal.  If it doesn't work for anyone, I'm |
| 16:01:36 | 13 | happy to hear a better solution.  You know, I've had to |
| 16:01:40 | 14 | deal with a number of these cases, and I understand how |
| 16:01:44 | 15 | even when the defendant is acting in good faith and when |
| 16:01:48 | 16 | they're represented by really good law firms, there are |
| 16:01:52 | 17 | still difficulties in collecting information in China and |
| 16:01:55 | 18 | then, and sometimes getting the information -- getting the |
| 16:01:59 | 19 | government of China to allow the information to be sent |
| 16:02:01 | 20 | here.  And as I've told people before, I have, I guess, |
| 16:02:06 | 21 | unlimited power, but I don't know that the government of |
| 16:02:09 | 22 | China sees it the same way. |
| 16:02:11 | 23 | On the other hand, I don't know that -- I don't |
| 16:02:14 | 24 | think it's fair to have one party conducting discovery and |
| 16:02:17 | 25 | the other party not doing discovery.  On the other hand, I |

16:02:21  1  also don't really want to open all discovery right now.

16:02:25  2  And so, here is my proposal and I'll hear first, then,

16:02:29  3  from the plaintiffs, who are seeking the discovery.

16:02:33  4  Actually, I'll start with defendant, who's resisting it --

16:02:38  5  resisting it opening and see what you think of this.

16:02:41  6          What I would propose is that the plaintiff be

16:02:45  7  allowed to send the discovery and counsel for -- whatever

16:02:51  8  discovery they want.  Counsel for defendant can make the

16:02:55  9  decision at what point they need to collect -- whether

16:03:01  10  it's now, whether it's two months from now, at the

16:03:04  11  Markman, whenever it is, they can -- counsel for the

16:03:08  12  defendant can, in consultation with their clients, make a

16:03:12  13  decision of how soon they need to collect, what they need

16:03:16  14  to collect, what they have to do to interface with the

16:03:20  15  Chinese government to get it over here, and then, I would

16:03:22  16  make the production of the discovery from the defendant

16:03:27  17  coincide with the production of discovery from the

16:03:30  18  plaintiff.

16:03:31  19          So in other words, defendant will be allowed to

16:03:37  20  -- obviously to start sending discovery as soon as the

16:03:40  21  Markman's over and whenever -- whatever that means with

16:03:43  22  respect to the plaintiff's discovery responses being due,

16:03:48  23  that's when I would key the defendants' discovery

16:03:51  24  responses being due.  But the burden would be on the

16:03:54  25  defense counsel to decide when they need to begin.  That's

16:03:59   1   the fairest thing I could think of for everybody because

16:04:02   2   I'm the only one who doesn't have a dog in the hunt.

16:04:05   3           But I'll hear first from counsel for the

16:04:08   4   defendant whether that's an acceptable plan or what I

16:04:12   5   could do to improve it.

16:04:15   6           MR. SCHLESINGER:  Thank you, your Honor.  This is

16:04:16   7   Ben Schlesinger.

16:04:18   8           If I understand correctly, we would receive their

16:04:20   9   discovery requests that would answer them in normal

16:04:23   10   course, after discovery's opened and under the normal

16:04:28   11   schedule.  That's acceptable to defendants.

16:04:30   12           THE COURT:  And, Mr. Siegmund, it's been a long

16:04:34   13   day, three Markmans, two discovery hearings.  I don't

16:04:36   14   remember who you told me was going to be arguing on behalf

16:04:39   15   of plaintiff.  So whoever it is, I'm happy to hear from.

16:04:43   16           MR. SIEGMUND:  That will be Mr. Rich, your Honor.

16:04:46   17           THE COURT:  Okay.  Mr. Rich.

16:04:47   18           MR. RICH:  Yes, your Honor.  Good afternoon.

16:04:49   19           THE COURT:  Good afternoon.

16:04:49   20           MR. RICH:  Your Honor, I appreciate the proposal,

16:04:52   21   but I'm not sure it resolves all of our concerns because

16:04:56   22   as in the proposal, we won't necessarily know for sure,

16:05:00   23   one, when we're getting the information, but also, there

16:05:03   24   are going to be Chinese language documents in the case.

16:05:07   25   And speaking from experience, your Honor, translating

| | | |
|---|---|---|
| 16:05:10 | 1 | those documents is going to take significant time, and we |
| 16:05:13 | 2 | need to get that started as soon as we can so that we have |
| 16:05:17 | 3 | time to understand them, determine if followup discovery's |
| 16:05:21 | 4 | needed, prepare for depositions, and make strategic |
| 16:05:24 | 5 | decisions in the case.  And so, since we're going to get a |
| 16:05:26 | 6 | big bulk of Chinese documents, I think having -- |
| 16:05:30 | 7 | THE COURT:  Well, what are you anticipating -- |
| 16:05:32 | 8 | I'm not sure what you mean by a big bulk of Chinese |
| 16:05:35 | 9 | documents that are -- marketing documents?  What is it |
| 16:05:39 | 10 | that you're anticipating will be in Chinese? |
| 16:05:43 | 11 | MR. RICH:  Yes, your Honor. |
| 16:05:45 | 12 | During the meet-and-confer, I asked opposing |
| 16:05:51 | 13 | counsel if we're expecting technical documents in Chinese, |
| 16:05:53 | 14 | and I understand we are.  I can't speak to whether there's |
| 16:05:56 | 15 | going to be marketing documents or other documents in |
| 16:06:00 | 16 | Chinese.  But I know for sure -- |
| 16:06:04 | 17 | THE COURT:  I'm sorry to interrupt you.  I don't |
| 16:06:04 | 18 | know what that means.  Maybe defense counsel can tell me. |
| 16:06:09 | 19 | I'm not sure -- and I'll give you why I'm not sure is, one |
| 16:06:14 | 20 | of my law clerks is from China, has a couple of |
| 16:06:16 | 21 | engineering degrees, and he's had no -- it's not been a |
| 16:06:21 | 22 | barrier in English or Chinese to deal with the technology |
| 16:06:25 | 23 | side because most of that is not -- but I may be missing |
| 16:06:29 | 24 | something. |
| 16:06:29 | 25 | Let me hear from the defense counsel what you |

| | | |
|---|---|---|
| 16:06:32 | 1 | anticipate would be sent that would be in Chinese that |
| 16:06:36 | 2 | might -- that's technical that might need to be |
| 16:06:39 | 3 | interpreted here.  I'm not sure what that might be. |
| 16:06:42 | 4 | MR. SCHLESINGER:  Sure, your Honor.  There may be |
| 16:06:44 | 5 | a few documents that will be in Chinese that they may want |
| 16:06:47 | 6 | to interpret.  You know, we've had that come up in cases |
| 16:06:49 | 7 | and never had an issue.  You know, if you hire the right |
| 16:06:53 | 8 | translator, the right team, it's never been an issue.  The |
| 16:06:56 | 9 | discovery right now is contemplated to be seven months. |
| 16:06:59 | 10 | That's more than sufficient time to allow for translation |
| 16:07:02 | 11 | of Chinese documents when plaintiff chose to sue a Chinese |
| 16:07:07 | 12 | entity. |
| 16:07:07 | 13 | THE COURT:  That's where I'm at, too.  Let me |
| 16:07:09 | 14 | hear again from plaintiff's counsel.  I get your problem |
| 16:07:14 | 15 | with translation, but other than that -- and I could also |
| 16:07:18 | 16 | deal with that on the post-Markman side, which is, you |
| 16:07:21 | 17 | know, we can have additional months to do discovery to |
| 16:07:26 | 18 | take that into account, and you're still going to get to |
| 16:07:29 | 19 | trial in, you know, 26, 28 months.  I mean, it's not going |
| 16:07:36 | 20 | to be substantially longer and probably shorter than most |
| 16:07:38 | 21 | places. |
| 16:07:39 | 22 | So do you have any other reason why from |
| 16:07:42 | 23 | plaintiff's perspective my solution would not work? |
| 16:07:46 | 24 | MR. RICH:  Well, I do take issue with counsel's |
| 16:07:50 | 25 | statement that there hasn't been issues in the past |

| | | |
|---|---|---|
| 16:07:53 | 1 | because we did look at the docket for the Daedalus |
| 16:07:58 | 2 | Blue-DJI case, and we understand there was disputes about |
| 16:08:01 | 3 | source code in that case.  So we would urge an earlier |
| 16:08:04 | 4 | production for the source code. |
| 16:08:05 | 5 | THE COURT:  But if I recall correctly, the |
| 16:08:07 | 6 | problem and that I'm requiring defendant to address |
| 16:08:12 | 7 | immediately is, they need to start now if they -- if it |
| 16:08:17 | 8 | takes it to make sure that they have taken every step that |
| 16:08:21 | 9 | they can to get the Chinese government to allow the |
| 16:08:25 | 10 | production of the source code from China to here.  I don't |
| 16:08:29 | 11 | think in that case -- number one, that for sure -- that's |
| 16:08:32 | 12 | why I was asking you about translation because that's not |
| 16:08:36 | 13 | a problem with source code. |
| 16:08:37 | 14 | What I recall in every case where there was a |
| 16:08:40 | 15 | Chinese defendant and there was a problem with source |
| 16:08:43 | 16 | code, the problem was that the defendant was willing to |
| 16:08:45 | 17 | produce it, and the Chinese government was unwilling to |
| 16:08:48 | 18 | allow them to do so.  And what I'm requiring the defendant |
| 16:08:53 | 19 | to do is, as soon as necessary, begin whatever steps they |
| 16:09:00 | 20 | take, which still doesn't guarantee, from my experience, |
| 16:09:03 | 21 | that in six months, they'll be able to get it to you. |
| 16:09:07 | 22 | But I definitely want the defendants to start |
| 16:09:09 | 23 | this point trying to do whatever it takes so that as soon |
| 16:09:14 | 24 | as possible, you will get the source code.  They will do |
| 16:09:20 | 25 | everything they can to make sure that you get the source |

16:09:23  1   code -- that they get the permission from China to get you

16:09:26  2   the source code in a timely manner.

16:09:30  3           MR. RICH:  Understood, your Honor.  Then I think

16:09:32  4   that's going to have to work for us.

16:09:33  5           THE COURT:  Yeah.  You know, it's just something

16:09:37  6   that is the reality of the world in 2021.  And so, I'm

16:09:41  7   trying to get you everything that you deserve.  I want to

16:09:46  8   make sure that you get it on time.  But my experience from

16:09:49  9   sitting over here is that even with -- like I said, with

16:09:55  10  really good law firms and compliant defendants that that

16:10:00  11  doesn't -- that's not very compelling sometimes to the

16:10:03  12  Chinese government.  But I definitely want the defendants

16:10:05  13  to be able to come in here if there is a problem -- and

16:10:09  14  I'm picking a date -- in August of next year, and there's

16:10:12  15  a problem, the defendant should be able to say, Judge, you

16:10:16  16  know, as soon as we got the request for source code, we

16:10:19  17  began working to try and ensure that we would be able to

16:10:22  18  produce the source code in a timely manner.

16:10:29  19          MR. MEEK:  Your Honor, if I may, is there any way

16:10:31  20  that you could require the plaintiffs to also notify us --

16:10:32  21  excuse me, the defendants to notify us if there's some

16:10:34  22  impediment that we could be helpful in overcoming?

16:10:38  23          THE COURT:  Mr. Meek, I think you just showed

16:10:41  24  it's so rare for you to be on the plaintiff's side, you

16:10:42  25  had a hard timekeeping the parties straight.  That's just

| | | |
|---|---|---|
| 16:10:45 | 1 | because I know you -- |
| 16:10:47 | 2 | MR. MEEK:  Yes, Judge. |
| 16:10:47 | 3 | THE COURT:  So, no.  Listen, in fact, my |
| 16:10:54 | 4 | experience has been in the other cases that that was |
| 16:10:56 | 5 | actually the defendants' response, which was, Judge, we've |
| 16:11:00 | 6 | invited the plaintiff to help us get it, and if they can |
| 16:11:03 | 7 | figure out a way for us to get it, good on 'em.  And so, |
| 16:11:09 | 8 | yes, you know, I would hope the defendant -- I would hope |
| 16:11:12 | 9 | the defendants' response to me was, Judge, the plaintiffs |
| 16:11:17 | 10 | can come on in, the water's fine for them, too.  If they |
| 16:11:20 | 11 | could persuade the Chinese government of something we |
| 16:11:23 | 12 | can't, God bless them. |
| 16:11:25 | 13 | So absolutely, I would presume in this case that |
| 16:11:29 | 14 | lawyers of the caliber we have on both sides would with |
| 16:11:33 | 15 | respect to getting the source code that both sides agree |
| 16:11:38 | 16 | is appropriate out of China and into your hands.  Now, one |
| 16:11:42 | 17 | thing I would suggest, just looking ahead and having done |
| 16:11:45 | 18 | this a couple of times -- and I don't know enough about |
| 16:11:47 | 19 | the defendant, so I'm just -- this is hypothetical. |
| 16:11:50 | 20 | But one thing, also, I think, we checked on in |
| 16:11:54 | 21 | several cases was whether or not the defendants -- the |
| 16:12:01 | 22 | Chinese company had for some other reason in the past, had |
| 16:12:07 | 23 | to send their source code outside of China.  And I'll let |
| 16:12:12 | 24 | the defendant know in advance that they oughta know the |
| 16:12:15 | 25 | answer to that question because if, again, you come to me |

| | | |
|---|---|---|
| 16:12:18 | 1 | in a hypothetical August of next year and defendant says, |
| 16:12:23 | 2 | the government won't let us do that, I'm going to ask, |
| 16:12:26 | 3 | well, has -- you know, has anyone else gotten it?  Do you |
| 16:12:29 | 4 | have an affiliate somewhere not in China who you sent it |
| 16:12:33 | 5 | to so it's gotten outside of China, which is also another |
| 16:12:36 | 6 | way to skin a cat. |
| 16:12:37 | 7 | But, you know, for all of the -- you may have |
| 16:12:42 | 8 | read occasionally I'm in the press, for all of the |
| 16:12:47 | 9 | concerns that there are for being the number of cases I |
| 16:12:49 | 10 | have, here actually I'm aware of some of these problems |
| 16:12:52 | 11 | and can help out proactively.  But if there are any |
| 16:12:55 | 12 | problems along the way, if I can help the defendants in |
| 16:13:01 | 13 | any way to get you the information that they're trying to |
| 16:13:03 | 14 | get you or you can, I would expect them to try that and I |
| 16:13:07 | 15 | will be absolutely willing to help. |
| 16:13:12 | 16 | MR. RICH:  Thank you, your Honor. |
| 16:13:12 | 17 | THE COURT:  Anything else we need to take up? |
| 16:13:16 | 18 | MR. RICH:  Just one point of clarification on |
| 16:13:17 | 19 | that. |
| 16:13:18 | 20 | THE COURT:  Sure. |
| 16:13:19 | 21 | MR. RICH:  So we're allowed to serve the |
| 16:13:21 | 22 | discovery new and they're going to do what they can to |
| 16:13:25 | 23 | make sure that they can timely get it when discovery |
| 16:13:26 | 24 | opens? |
| 16:13:27 | 25 | THE COURT:  Yes, sir. |

16:13:28  1          MR. RICH:  Will their response be due in the

16:13:30  2  normal 30-day course of dealing, or is that after the

16:13:33  3  Markman?

16:13:33  4          THE COURT:  I'm a good for the goose, good for

16:13:35  5  the gander.  Whenever it is you're planning to get your

16:13:38  6  responses to them, they need to be able to get it to you.

16:13:41  7  So do they need to get it on the 30th day, no holds

16:13:46  8  barred, no.  But do they need to get it in the same with

16:13:48  9  all litigation to you in a reasonable time, shortly after

16:13:52  10 30 days or around 30 days in the same way you've gotta get

16:13:56  11 them stuff, yes.  That's my plan.  If they can't --

16:14:00  12 assuming they can.  And so, that's why I'm saying it's the

16:14:04  13 burden is on defendants to begin the production, begin the

16:14:09  14 exercise in collecting or doing the production so that you

16:14:14  15 all will be on parallel tracks in terms of your

16:14:17  16 production, meaning the plaintiff's production and theirs.

16:14:20  17         MR. RICH:  Okay.  The reason I asked was, to the

16:14:23  18 extent we didn't get the objections until after Markman,

16:14:27  19 we've started this process of them going to see if they

16:14:30  20 can get the information to us.  We wouldn't know if

16:14:33  21 they're objecting or not committing to do something until

16:14:37  22 it's too late perhaps.  So that's why I was --

16:14:39  23         THE COURT:  Well, here's the deal.  I think the

16:14:41  24 number-one thing that you all need immediately, would be

16:14:43  25 my guess, is -- and, again, you know, y'all are all better

16:14:48  1  lawyers than I was.  But my guess is, the main thing you

16:14:52  2  want is source code, right?  I mean, that's the thing you

16:14:54  3  need to prove infringement.

16:14:55  4         And I would be surprised that -- you all may have

16:14:58  5  issues with the protective order, and all that stuff, you

16:15:01  6  know, who looks at it and all that stuff, but I would be

16:15:05  7  -- I would be surprised if I was very sympathetic to you

16:15:09  8  not being -- if there were many objections to the

16:15:11  9  production of source code as long as it was relevant to

16:15:15 10  being able to prove your infringement case.

16:15:18 11         MR. RICH:  Okay.

16:15:19 12         THE COURT:  To me, that's really the focus here.

16:15:21 13  I know that you need marketing documents from them.  I

16:15:23 14  know that you need licenses from them.

16:15:26 15         Let me go ahead -- and now that I've said

16:15:29 16  licenses.  I think it would be a good idea for -- and I'll

16:15:33 17  make this bilateral.  I don't know how many either we

16:15:36 18  have, if either -- especially for the Chinese defendant.

16:15:39 19  If the Chinese defendant has entered into other IP

16:15:44 20  licenses, I would ask the defendant to go ahead and

16:15:48 21  collect those as soon as possible and for those -- because

16:15:52 22  I doubt there will be many.  For those, if they are in

16:15:55 23  Chinese or a different language, I'll have you produce

16:15:58 24  those now.  And I'll have the plaintiffs, if they have

16:16:02 25  licenses that would be -- might be relevant, they can

16:16:05  1  produce those to you, to the defendant, as well.  I doubt

16:16:09  2  that's a very large ask.

16:16:13  3          MR. RICH:  Understood, your Honor.  And this call

16:16:15  4  has been focused a lot on the Chinese entity.  There is

16:16:19  5  also a European DJI entity at issue and I'm not sure what

16:16:24  6  licensing role they play, but to the extent that they have

16:16:27  7  licenses, I'd appreciate production of those, as well.

16:16:31  8          THE COURT:  Well, here's my rule -- let me flip

16:16:34  9  to the defendant.  If -- the point of getting the ones if

16:16:38 10  there are any from the Chinese entities, they're probably

16:16:41 11  in a Mandarin, or Cantonese, or whatever, and all that, if

16:16:48 12  you would like, I'll only require you to produce those and

16:16:51 13  not -- at this time and not those from Europe.  If you

16:16:55 14  would like me to also give you the plaintiff's licenses at

16:16:58 15  this time, then I'll make it even and I'll have the

16:17:01 16  defendants collect all their licenses, and y'all can

16:17:03 17  exchange them at the same time.  I don't care which.  And

16:17:07 18  I don't know if there are any.

16:17:10 19          Why don't we do this.  You all understand my

16:17:12 20  general parameters.  You all can work it out.  Whatever

16:17:16 21  you all work out is fine.  What I'm really trying to get

16:17:18 22  done is, A, find out if there are any licenses that the

16:17:23 23  defendants entered into that would be relevant and, B, if

16:17:28 24  they're in Chinese, to get them to you.

16:17:31 25          MR. RICH:  Understood, your Honor.

16:17:33  1          MR. PALMER:  And, likewise, your Honor, if there

16:17:34  2   are any licenses that plaintiff has that are relevant, we

16:17:37  3   could get those; is that right?  Correct?

16:17:40  4          THE COURT:  Well, what I said was, if you all

16:17:41  5   want plaintiff's licenses, then you're also going to

16:17:45  6   produce all the European licenses.

16:17:47  7          MR. PALMER:  That's --

16:17:47  8          THE COURT:  If you don't want to produce the

16:17:49  9   European licenses right now, then the only production will

16:17:54  10  be of the licenses that are in Chinese.

16:17:55  11         MR. PALMER:  Thank you for that.  That's where I

16:17:57  12  was going.  Thank you.

16:17:58  13         THE COURT:  Okay.  Anything else?

16:18:01  14         MR. RICH:  Nothing from me, your Honor.

16:18:02  15         THE COURT:  Well, hopefully this has been

16:18:05  16  productive.  I will -- I know several of you.  You know,

16:18:10  17  the Waco lawyers for sure who have been in front of me

16:18:14  18  hundreds of times know that the only way that you all will

16:18:18  19  get in trouble with me is if you delay raising an issue

16:18:22  20  with me to where I can't really fix it because time has

16:18:25  21  passed.  So in other words, I'm encouraging you,

16:18:28  22  especially in cases that may have unique problems, the

16:18:31  23  door is open.

16:18:32  24         I think this is Jeff Melsheimer's case.  If you

16:18:36  25  have any problems you can't work out, sooner is better in

16:18:40  1    terms of coming to me, and we'll find time, especially if

16:18:44  2    it happens after April 1st, when I have a new magistrate

16:18:48  3    judge and he can deal with it.  And you'll have an even --

16:18:53  4    a bigger green light.  Or you never know.  We won't tell

16:18:56  5    you who's handling it.  You might get the black bean and

16:18:59  6    wind up with me again.

16:19:01  7            But I would rather hear things sooner, always

16:19:06  8    sooner so I can help y'all figure them out.

16:19:11  9            MR. RICH:  Thank you, your Honor.  Understood.

16:19:13  10           THE COURT:  Anything else?

16:19:14  11           MR. SCHLESINGER:  Not from defendants.

16:19:15  12           THE COURT:  Okay.  Very good.  I've enjoyed this

16:19:17  13   as always.  I'm going to go ahead and take the rest of the

16:19:21  14   day off.  Thank you very much for your time.  I hope you

16:19:24  15   all have a wonderful Christmas or whatever it is you

16:19:27  16   celebrate.  I hope you have a wonderful new year.  And I

16:19:30  17   hope I get to see at least some of you in the near future.

16:19:33  18   Have a good time.  Take care.

16:19:35  19           MR. PALMER:  Merry Christmas.

16:19:37  20           THE COURT:  Merry Christmas.

          21           (Proceedings concluded.)

          22

          23

          24

          25

1                              *  *  *  *  *  *

2

3

4   UNITED STATES DISTRICT COURT  )

5   WESTERN DISTRICT OF TEXAS)

6

7      I, LILY I. REZNIK, Certified Realtime Reporter,

8   Registered Merit Reporter, in my capacity as Official

9   Court Reporter of the United States District Court,

10  Western District of Texas, do certify that the foregoing

11  is a correct transcript from the record of proceedings in

12  the above-entitled matter.

13     I certify that the transcript fees and format comply

14  with those prescribed by the Court and Judicial Conference

15  of the United States.

16     WITNESS MY OFFICIAL HAND this the 20th day of December,

17  2021.

18

19

20                              /s/Lily I. Reznik
                                LILY I. REZNIK, CRR, RMR
21                              Official Court Reporter
                                United States District Court
22                              Austin Division
                                501 West 5th Street,
23                              Suite 4153
                                Austin, Texas 78701
24                              (512)391-8792
                                SOT Certification No. 4481
25                              Expires:  1-31-23