# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 6:21-cv-00740-ADA** |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V.'S
RESPONSES AND OBJECTIONS TO PLAINTIFF TEXTRON INNOVATIONS'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-32)**

Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. ("Defendants" or "DJI"), hereby provide the following objections and responses to Plaintiff Textron Innovations Inc.'s ("TII" or "Plaintiff") first set of requests for production to Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V.

**GENERAL OBJECTIONS AND STATEMENTS**

The following General Objections and Statements are in addition to any objections set forth separately below in response to individual requests for production and are hereby incorporated in their entirety in response to each individual request for production, whether or not they are separately stated therein.

1.     DJI objects to TII's definitions of "Defendants," "DJI," "you," and "your" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and seeking the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible

1

to DJI upon reasonable diligence. Unless otherwise noted, DJI will interpret the terms "Defendants," "DJI," "you," and "your" to refer only to the named Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V., and expressly disclaims any undertaking or obligation to provide information for or on behalf of any person or entity or to produce documents in the possession, custody, or control of any other person or entity.

2.      DJI objects to TII's definition of "Asserted Claims" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence to the extent they encompass claims no longer asserted by TII, such as reflected in TII's latest infringement contentions and/or other correspondence narrowing its allegations.

3.      DJI objects to TII's definition of "Accused Products" as vague, ambiguous, indefinite, overbroad, seeking the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and seeking the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible to DJI upon reasonable diligence to the extent they encompass any non-DJI product or any product beyond those identified in TII's Complaint (Dkt. No. 1) or that TII no longer accuses of infringement, such as reflected in TII's latest infringement contentions and/or other correspondence narrowing its allegations.

4.      DJI objects to TII's definitions of "documents" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible to DJI upon reasonable

diligence.

5.        DJI objects to TII's definition of "concerning" as vague, ambiguous, indefinite, overbroad, and unduly burdensome to the extent they seek the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible to DJI upon reasonable diligence.

6.        DJI objects to TII's definitions of "and," "or," "all," "any," and "including" as vague, ambiguous, indefinite, overbroad, and unduly burdensome to the extent they seek the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible to DJI upon reasonable diligence.

7.        DJI objects to TII's definitions of "identify" as vague, ambiguous, indefinite, overbroad, and unduly burdensome to the extent it seeks the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible to DJI upon reasonable diligence.

8.        DJI objects to TII's definition of "person" as vague, ambiguous, indefinite, overbroad, and unduly burdensome to the extent they seek the production of information that is not relevant, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek the production of information that is not within DJI's possession, custody, or control and is not reasonably accessible to DJI upon

reasonable diligence.

9.      DJI objects to TII's Instruction No. 2 for identifying withheld documents to the extent that it goes beyond the requirements set forth in the Federal Rules of Civil Procedure and applicable case law. DJI will, at a mutually agreeable time and manner, exchange with TII, a privilege log identifying documents or things withheld on the basis of privilege or work product or any other alleged immunity from discovery, with respect to documents or things created or made before July 19, 2021, the date of the Complaint in this case.

10.     DJI objects to all other definitions, instructions, and requests to the extent that they are vague, ambiguous, indefinite, overbroad, unduly burdensome, or seek to improperly expand DJI's obligations beyond the scope required by the Federal Rules.

11.     DJI objects to each request for production to the extent it is overbroad and/or unduly burdensome, including, for example, seeking (a) information from an unspecified or unlimited period of time; (b) "all" documents or information; or (c) products not part of this case.

12.     DJI objects to each request for production to the extent it calls for the production of documents or information containing confidential information of DJI or third parties, including trade secrets, research and development, or commercial information entitled to be kept confidential under Rule 26(c), Federal Rules of Civil Procedure.

13.     DJI objects to each request for production to the extent that it requires DJI to prepare documents that do not already exist or to search for or inspect documents and things not within DJI's possession, custody, or control. DJI further objects to the production of information subject to the rights of third parties not affiliated with DJI.

14.     DJI objects to each request for production to the extent it calls for the production of documents or information subject to any government regulations.

15.     DJI objects to each request for production to the extent it seeks information that is

not relevant to a claim or defense of any party.

16.     DJI objects to each request for production to the extent it is duplicative or redundant of other requests. All information produced in response to one request for production is deemed to be produced in response to every other request for production to which it is or may be responsive.

17.     DJI objects to each request for production to the extent it covers information, documents and things that have already been produced and/or are already in TII's possession, and declines to re-produce such information, documents and things.

18.     DJI objects to each request for production to the extent it seeks information that can be independently obtained by TII from other sources equally accessible to TII, such as documents in the custody and control of TII and publicly available materials.

19.     A response that any responsive information or documents will be produced should not be construed as a representation that such information or documents exist or existed. Such response indicates only that information or documents responsive to the request for production, subject to applicable objections, will be produced, if any such information or documents exist and are found after a reasonable search.

20.     An objection based on attorney-client privilege, work product immunity, and/or any other applicable privilege should not be construed as a representation that such information or documents exist or existed. Such objection indicates only that the requests are of such a scope as to embrace subject matter protected by the attorney-client privilege, work product immunity, and/or any other applicable privilege.

21.     An objection that a request for production encompasses subject matter or material that is "privileged" means that the objection is based on attorney-client privilege, work product immunity, and/or any other applicable privilege.

22.     If any documents or other information within the scope of the attorney-client

privilege and/or the work-product doctrine is disclosed, DJI did so inadvertently and unintentionally, and reserves the right to nevertheless assert any applicable privileges at any time in these proceedings. Moreover, the incidental production of any information, document, or thing covered by any General Objection or Specific Objection shall not be construed as a waiver of the objection with respect to any other information, document, or thing.

23.     Nothing in these General Objections and Statements should be construed as waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request for production or DJI's response thereto. No incidental or implied admissions are intended by DJI herein. Nor do DJI's responses constitute acquiescence or agreement to any definition proposed by TII. That DJI has responded in whole or in part to any particular request is not intended, and shall not be construed as, a waiver by DJI of any part of any objection to that (or any other) request or to any part of any General or Specific Objection. Further, a statement that DJI lacks knowledge and/or information as to one particular request does not suggest, and shall not be considered to have suggested, that DJI has knowledge and/or information with respect to any other request.

24.     DJI objects to each request for production to the extent that it is premature. DJI has based its written responses on information presently available to and located by DJI and its attorneys in compliance with the requests for production as presently understood, subject to any and all objections DJI may make or has made. If TII subsequently clarifies its requests for production and/or asserts an interpretation of a request for production that differs from DJI's interpretation, DJI reserves the right to supplement its objections and responses. Additionally, as DJI has not completed its investigation relating to this case, its discovery in this action, or its preparation for trial, DJI reserves the right to supplement or amend its written responses and production of documents and to present evidence discovered hereafter at trial.

25.     DJI intends to produce documents on a rolling basis, aiming to be complete before the end of fact discovery.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents (other than source code), including but not limited to design documents, interface or product specifications, software requirements specifications, schematics, block diagrams, architecture block diagrams, flowcharts, models, drawings, promotional literature, advertising, engineering design, engineering analysis and testing, engineering notebooks, user manuals, instruction manuals, installation manuals, engineering/technical manuals, operation manuals, training manuals, how-to manuals, troubleshooting manuals, testing manuals, sales manuals, white papers, catalogs, operation documents, internal notes, and customer support and informational materials, concerning the Accused Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "design documents," "interface or product specifications," "software requirements specifications," "schematics," "block diagrams," "architecture block diagrams," "flowcharts," "models," "drawings," "promotional literature," "advertising," "engineering design," "engineering analysis and testing," "engineering notebooks," "user manuals," "instruction manuals," "installation manuals," "engineering/technical manuals," "operation manuals," "training manuals," "how-to manuals," "troubleshooting manuals," "testing manuals," "sales manuals," "white papers," "catalogs," "operation documents," "internal notes," "customer support and informational materials," and "concerning."  DJI objects to this Request to

the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties. DJI further objects to this Request as premature, including to the extent in that it seeks information (such as DJI's contentions or an expert opinion, etc.) before the deadlines set forth for such discovery requests in the Scheduling Order, Federal Rules, and/or local rules.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents relating to the accused technology within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

## REQUEST NO. 2

All documents concerning any modifications, revisions, or updates to the Accused Products, including any engineering or design change notices and engineering or design change requests for the Accused Products, and any databases reflecting engineering or design changes to the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "any," "modifications," "revisions," "updates," "engineering or design change notices," "engineering or design change

requests," "databases," "reflecting," and "engineering or design changes." DJI further objects to the request to the extent it seeks production of "databases" as overbroad, unduly burdensome, and beyond the proper scope of a discovery request. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents relating to the accused technology within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 3**

All documents describing the operation of the accused features and functionality of the Accused Products, including documents describing the (1) Follow Me Mode; (2) Loiter, Circle, or Orbit Modes; (3) collision avoidance; (4) Automatic Hover Hold and/or Position Hold; (5) Point of Interest Mode; and/or (6) QuickShots Mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "describing," "operation," "accused features," "functionality," "Follow Me Mode," "Loiter, Circle, or Orbit Modes," "collision avoidance," "Automatic Hover Hold and/or Position Hold," "Point of Interest Mode," and

9

"QuickShots Mode." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

## REQUEST NO. 4

The complete source code for each Accused Product, including the complete source code (with comments) for each version of each Accused Product, and the complete source code for each version of the firmware for each Accused Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "complete source code," "each," "version," and "firmware." DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

10

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents relating to the accused technology within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 5**

All documents concerning the source code for the Accused Products, including but not limited to source code comments, requirements documents, design documents, testing documents, bug reports, user documentation, versioning documents, change logs, release notes, and documents showing structure and/or organization of the source code for the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "source code," "source code comments," "requirements documents," "design documents," "testing documents," "bug reports," "user documentation," "versioning documents," "change logs," "release notes," and "documents showing structure and/or organization of the source code." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents relating to the accused

technology within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 6**

All documents (other than source code) concerning the conception, research, design, and/or development of each Accused Product, including but not limited to market analyses, proposals, project plans, project schedules, project wikis, reports, specifications, diagrams, schematics, flow charts, internal notes, communications, memoranda, presentations, release notes, parts lists, bills of material, and revision histories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "conception," "research," "design," "development," "each," "market analyses," "proposals," "project plans," "project schedules," "project wikis," "reports," "specifications," "diagrams," "schematics," "flowcharts," "internal notes," "communications," "memoranda," "presentations," "release notes," "parts lists," "bills of material," and "revision histories." DJI further objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents relating to the accused technology within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 7**

All documents concerning DJI's decision for selecting the design configuration and functionality of the Accused Products, including but not limited to DJI's decision to implement and/or to not implement any feature of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "design configuration," "functionality," and "any feature." DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents relating to the accused technology within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 8**

All documents concerning the distribution, importation, offer for sale, and/or sale of each Accused Product in/into the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "distribution,

importation, offer for sale, and/or sale," and "each." DJI objects to this Request to the extent it seeks

information that is outside of its possession, custody, or control. DJI further objects to this Request

to the extent it seeks publicly available information or information that is equally accessible to TII.

DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded

due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI

responds that it will produce relevant, non-privileged, responsive documents within its custody,

control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 9**

All documents mentioning or concerning the Patents-in-Suit or their applications, including

parent, divisional, continuation, or continuation-in-part applications, whether or not they matured into

patents, including but not limited to internal notes, communications, memoranda, presentations,

analyses, studies, reviews, evaluations, opinions, and comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects

to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information

that is neither relevant to any party's claim or defense nor proportional to the needs of the case,

including, for example, based on its use of the terms "all documents," "mentioning," "concerning,"

"parent, divisional, continuation, or continuation-in-part applications," and "internal notes,

communications, memoranda, presentations, analyses, studies, reviews, evaluations, opinions, and

comparisons." DJI objects to this Request to the extent it seeks information that is outside of its

possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly

available information or information that is equally accessible to TII. DJI further objects to this

Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 10**

All documents that refer or relate to TII or Bell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents" and "refer or relate." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 11**

All documents that refer or relate to Bell's products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "refer or relate," and "Bell's products." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 12**

All documents concerning your knowledge or awareness of the Patents-in-Suit, including documents indicating when you (including any employee, contractor, representative, or agent) became aware of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "knowledge," "awareness," "any employee, contractor, representative, or agent," and "aware of." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent that it seeks information protected from disclosure

by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 13**

All documents concerning any search, investigation, analysis, opinion, or inquiry relating to the scope, validity, infringement, enforceability, or licensing (whether express or implied) of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "any," "search," "investigation," "analysis," "opinion," "inquiry," "relating to," "scope," and "licensing (whether express or implied)." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties. DJI further objects to this Request as premature, including to the extent that it seeks information before the deadlines set forth for such discovery requests in the Scheduling Order, Federal Rules, and/or local rules.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 14**

All documents relating to any communications with your employees and/or any third party, including licensees, potential or actual investors, consultants, agents, dealers, wholesalers, retailers, representatives, distributors, the press, or any news wire, concerning the Patents-in-Suit, TII, Bell, or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "relating to," "any," "communications," "your employees," "third parties," "licensees," "potential or actual investors," "consultants," "agents," "dealers," "wholesalers," "retailers," "representatives," "distributors," "the press," "any news wire," and "concerning." DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 15**

All agreements in which You granted or received any license or other rights under any patents that (a) relate to any Accused Product; and/or (b) are relevant to the determination of damages in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all agreements," "any," "other rights," and "relate to any Accused Product." DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 16**

Documents sufficient to show when DJI first began developing, testing, offering, selling, advertising, communicating about and/or referring to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "documents sufficient to show," "first began developing,

testing, offering, selling, advertising, communicating about and/or referring to." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce U.S. sales documents for the relevant time period for the Accused Products within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

### REQUEST NO. 17

All board minutes and presentations discussing the development, operation, sales, and/or marketing of the Accused Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all," "board minutes," "presentations," "discussing," and "development, operation, sales, and/or marketing of the Accused Products." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it is willing to meet and confer regarding this request.

**REQUEST NO. 18**

Documents sufficient to show each person or entity (including Defendants, distributors, resellers, seller's agents, shipping agents, or independent sales representatives) that is or has been involved in any way in the (a) offer for sale of each Accused Product, (b) sale of each Accused Product in the United States, and (c) importation of each Accused Product into the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "documents sufficient to show," "each person or entity," "distributors, resellers, seller's agents, shipping agents, or independent sales representatives," and "involved in any way." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce U.S. sales documents for the relevant time period for the Accused Products within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 19**

For each Accused Product, documents sufficient to show all sales and revenue information, by products sold and by dollars of revenue, broken down by quarter and by country, including all documents sufficient to explain any acronyms or terminology employed by your accounting system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "documents," "sufficient to show," "all," "sales and revenue information," "by country," "sufficient to explain," and "any acronyms or terminology employed by your accounting system." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce U.S. sales and cost information for the Accused Products for the relevant time period within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 20**

Documents sufficient to determine, for each Accused Product, the total number of products sold in the United States, and the associated sales price, costs of goods sold, and profits, on a monthly basis (or if monthly information is not available, whatever other periodic reporting period is available) from July 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "documents," "sufficient to show," "each," and

"associated sales price, costs of goods sold, and profits." DJI objects to this request as not overbroad, unduly burdensome, and improper to the extent is seeks information before July 19, 2015. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce U.S. sales and cost information for the Accused Products for the relevant time period within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

## REQUEST NO. 21

Documents sufficient to show DJI's gross, contribution, and operating profits and gross, contribution, and operating profit margins from sales of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "documents," "sufficient to show," "gross, contribution, and operating profits," and "gross, contribution, and operating profit margins." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product immunity, and/or other applicable privilege

or immunity. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce U.S. sales and cost information for the Accused Products for the relevant time period within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 22**

All documents that refer or relate to your actual, estimated, or projected share of the relevant market that includes the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "refer or relate to," "actual, estimated, or projected," "share," and "relevant market." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request as overly broad to the extent it is unbounded as to time. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents for the U.S. market

within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 23**

All documents that refer or relate to market surveys, market analyses, market research, market forecasts, and/or sales forecasts, including but not limited to documents that relate to your competitors in these markets, for the Accused Products. This document request includes reports by external analysts or consultants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "refer or relate to," "market surveys," "market analyses," "market research," "market forecasts," "sales forecasts," "competitors," "these markets," and "external analysts or consultants." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request as overly broad to the extent it is unbounded as to time. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents for the U.S. market

within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 24**

All documents concerning: past sales, manufacturing, research, license, or development; present sales, manufacturing, research, license, or development; or projected or contemplated future sales, manufacturing, research, license, or development of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "concerning," "sales," "manufacturing," "research," "license," "development," "past," "present," "contemplated," and "future." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it  is willing to meet and confer regarding this request.

**REQUEST NO. 25**

All documents relating to any summarization of your revenues, costs, and/or profits from services provided by the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "relating to," "any," "summarization of your revenues, costs, and/or profits," "services," and "provided by." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce U.S. sales and cost information for the Accused Products for the relevant time period within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 26**

All documents that refer or relate to your strategic plans, business plans, business strategies, licensing plans, licensing proposals, licensing forecasts, prospectuses, market surveys, marketing strategies, market analyses, and/or marketing forecasts of customer demand for services provided by the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for

example, based on its use of the terms "all documents," "refer or relate to," "strategic plans," "business plans," "business strategies," "licensing plans," "licensing proposals," "licensing forecasts," "prospectuses," "market surveys,""marketing strategies," "market analyses," "marketing forecasts of customer demand for services," and "provided by." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request as overly broad to the extent it is unbounded as to geographic location and time.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it is willing to meet and confer regarding this request.

**REQUEST NO. 27**

All studies or analyses regarding customer usage of and/or customer demand for the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all studies or analyses," "regarding," "customer usage of," and "customer demand for." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI objects to this Request as overly broad to the extent it is unbounded as to geographic location and time. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties. DJI further objects to this request as cumulative of other requests.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 28**

All studies or analyses regarding any feature, functionality, or other aspect of the Accused Products, including but not limited to customer surveys, market surveys, consultant surveys, and feature studies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all studies or analyses," "regarding," "any feature, functionality, or other aspect," "customer surveys," "market surveys," "consultant surveys," and "feature studies." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request as overly broad to the extent it is unbounded as to geographic location and time. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties. DJI further objects to this request as cumulative of other requests.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

## REQUEST NO. 29

All documents regarding the value to consumers of any features, functionalities, or other aspects of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "regarding," and "any features, functionalities, or other aspects." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request as overly broad to the extent it is unbounded as to geographic location and time. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI objects to this Request to the extent it seeks information, the disclosure of which is precluded due, for example, to confidentiality obligations owed to third parties. DJI further objects to this request as cumulative of other requests.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive documents within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 30**

All documents relating to advertisement, promotion, or marketing regarding the Accused Products, including but not limited to: (a) presentations made to any investors or potential investors; (b) marketing materials, plans, and/or budgets; (c) white papers; (d) product announcements; (e) consumer surveys; (f) meeting minutes or notes; (g) strategic plans; and (h) management reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "relating to," "advertisement, promotion, or marketing," "regarding," "any," "investors or potential investors," "marketing materials, plans, and/or budgets," "white papers," "product announcements," "consumer surveys," "meeting minutes or notes," "strategic plans," and "management reports." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request as overly broad to the extent it is unbounded as to geographic location and time. DJI objects to this Request to the extent it seeks information that is outside of its possession, custody, or control. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant, non-privileged, responsive marketing and price documents for the Accused Products within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 31**

All documents that constitute, evidence, or relate to your accounting practices pertaining to the Accused Products, including but not limited to your methods of accounting for revenues, costs and profits, methods of depreciation, allocation of expenses, inventory measurements, profit allocation, and losses and assignments of debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and to the extent it is seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all documents," "constitute, evidence or relate," "pertaining to," and "methods of accounting for revenues, costs and profits, methods of depreciation, allocation of expenses, inventory measurements, profit allocation, and losses and assignments of debt." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce accounting information for the Accused Products for the relevant time period within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

**REQUEST NO. 32**

For the years 2015 to the present, all of your annual reports, required financial filings and other financial statements, including but not limited to statements of operations, profit and loss statements, income statements, balance sheets, statements of changes in retained earnings, and internal management reports and notes thereto, whether the notes are for internal or external report purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its General Objections, which DJI incorporates herein by reference, DJI objects to this Request as vague, overbroad, unduly burdensome, and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, including, for example, based on its use of the terms "all," "annual reports," "required financial filings," "other financial statements," "statements of operations," "profit and loss statements," " income statements," "balance sheets," "statements of changes in retained earnings," and " internal management reports and notes thereto, whether the notes are for internal or external report purposes." DJI further objects to this request as overbroad, unduly burdensome, and improper to the extent it seeks documents beyond those relevant to any accused activity in the United States. DJI further objects to this Request to the extent it seeks publicly available information or information that is equally accessible to TII. DJI further objects to this request as cumulative of other requests.

Subject to, and without waiving any of the foregoing General or Specific objections, DJI responds that it will produce relevant documents for the Accused Products for the relevant time period within its custody, control, and possession, to the extent they exist, and can be located after a reasonable search.

DATED: May 20, 2022

/s/ Benjamin R. Schlesinger
_____
Qingyu Yin (*pro hac vice*)
J. Michael Jakes (*pro hac vice*)
Joshua Goldberg (*pro hac vice*)
Sydney Kestle (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
qingyu.yin@finnegan.com
mike.jakes@finnegan.com
joshua.goldberg@finnegan.com
sydney.kestle@finnegan.com

Benjamin R. Schlesinger (*pro hac vice*)
Robert K. High (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
271 17th St. NW Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
benjamin.schlesinger@finnegan.com
robert.high@finnegan.com

Jacob A. Schroeder (*pro hac vice*)
Jinwoo Kim (*pro hac vice*)
Yanyi Liu (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
Stanford Research Park, 3300 Hillview Avenue,
2nd Floor
Palo Alto, CA 94304
(650) 849-6600
jacob.schroeder@finnegan.com
jinwoo.kim@finnegan.com
yanyi.liu@finnegan.com

John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
Jacqueline P. Altman
State Bar No. 24087010
**NAMAN, HOWELL, SMITH & LEE PLLC**
400 Austin Avenue, Suite 800

Waco, Texas 76701
Telephone: 254.755.4100
Facsimile: 254.754.6331
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

*Attorneys for Defendants SZ DJI Technology Co.,
Ltd. and DJI Europe B.V.*

## CERTIFICATE OF SERVICE

This is to certify that on May 20, 2022, all counsel of record were served with the foregoing

document *via* electronic mail.

*/s/ Catherine Sadler*
Catherine A. Sadler