IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:21-cv-00740-ADA |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., SHENZHEN DAJIANG BAIWANG TECHNOLOGY CO. LTD., and IFLIGHT TECHNOLOGY COMPANY LTD., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS OBJECTIONS TO AND APPEAL FROM NOVEMBER 30, 2022 NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE**

DJI complied with the December 9, 2021 hearing by investigating what source code it needed to collect, investigating whether it needed to interface with the Chinese government to export that code (it did not for the relevant code), and making the code available for inspection shortly after discovery opened. Textron's arguments otherwise ignore that DJI was not required to investigate exportation of irrelevant code or the complete source code, and that Textron did not seek production of the source code at issue until August 2022. The Court's harsh sanction of an adverse inference for Textron's infringement allegations for the '752 Patent should be vacated.

**I.    The Court Did Not Order Production of The Complete Source Code or Irrelevant Code at the December 9, 2021 Hearing**

Textron misinterprets the Court's Order at the December 9, 2021 Hearing. The Court did not order DJI to produce its complete source code or investigate producing irrelevant code. *See generally* Ex. 1.[1] Instead, after the hearing, Textron was to serve requests, specifically identifying

---

[1] References to exhibits refer to the exhibits attached to DJI's opening brief.

1

the source code it sought. Ex. 1 at 5:6-8. Then, DJI was to "make a decision of . . . what they need to collect" and "what they have to do to interface with the Chinese government to get it over here." Ex. 1 at 5:8-18. But rather than identify specific source code that Textron sought, Textron issued a blanket request for DJI's "complete source code." Ex. 2 at 10. Textron falsely claims that DJI did not notify Textron that it was "withholding [] code as irrelevant" before August 2022. Dkt. 122 (hereinafter "Opposition") at 6. In fact, at least as early as May 20, 2022, in response to Textron's requests, DJI declined to produce its complete source code or irrelevant code, and instead, would produce relevant code "relating to the accused technology." Ex. 2 at 10-11. Textron did not request the irrelevant source code now subject to the Discovery Order until August 2022. Ex. 4 at 10-11.

**II.   DJI Did Investigate and Produce Relevant Source Code as Instructed by the December 9, 2021 Hearing**

Textron falsely claims that DJI waited until August 2022 to start investigating exportation of its source code. Opposition at 7.[2] That is not correct. DJI did exactly what the Court ordered at the December 9, 2021 Hearing: (1) DJI received Textron's discovery requests, (2) DJI investigated what source code it "need[ed] to collect," (3) DJI determined what, if anything, it had "to do to interface with the Chinese government to get it over here," and (4) DJI exported its source code and made it available for inspection shortly after discovery opened. *See* Ex. 1 at 5:8-18; Ex. 3 (making exported source code available in May 2022). Because DJI determined that the relevant source code Textron requested before August 2022 was not subject to export control, there was no need to interface with the Chinese government to obtain a permit for exportation. DJI thus complied with the December 9, 2021 hearing. The Discovery Order's findings otherwise are clearly erroneous.

---

[2] Textron appears to have a typographic error by referring to 2021 rather than 2022.

**III.    The Discovery Order May Require DJI to Violate Chinese Export Control Laws**

Neither the Discovery Order nor Textron addresses the possibility of the Chinese government denying DJI's request to export the source code at issue. If that occurs, DJI must either violate that order (and be subject to "severe administrative and/or criminal penalty" (Ex. 7 at 4)) or face an adverse jury instruction. Such a result is not just.

Even if the Chinese government permits the export of the code, it may not do so before January 3, 2023,[3] and DJI cannot control that timing. Textron contends such a result is DJI's "fault" because it did not seek to export that code a year ago (Opposition at 9, 5) but that ignores that Textron only sought production of that source code in August 2022 (Ex. 4 at 10-11). Textron's earlier request for DJI's "complete source code" (Ex. 2 at 10) did not put DJI on notice for this specific source code. Rather, DJI reasonably believed this code was not relevant because it is low level code not necessary to understand the functionality at issue in this case. *See, e.g.*, Ex. 4 at 2-3 (requesting Textron to "explain why this code is relevant"); Ex. 5 (expert declaration explaining why the requested code is not relevant or necessary to understand the accused functionality).

**IV.    The November 30, 2022 Order Imposes Harsh, Unjust Sanctions**

Textron downplays the impact of the November 30, 2022 Order, and overstates the holding of *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753 (5th Cir. 2019). The Discovery Order does more than simply seek to establish certain facts, and instead, issues an adverse inference on the ultimate issue: whether DJI infringes claims of the '752 patent. This is a severe sanction. Textron's attempt

---

[3] Textron mischaracterizes a FRE 408 settlement correspondence to suggest that DJI has not requested permission from the Chinese government to export the code. Opposition at 7-8. The undersigned has been informed that DJI did submit its application for export permission shortly after the November 10 Hearing. DJI has not received a decision from the government or permission to export any of its submissions. DJI is investigating whether it is permitted to submit the application to this Court.

to distinguish *Mobility Workx's*[4] holding that an adverse inference sanction requires a finding of bad faith is misplaced.[5] Opposition at 9 n.3 (citing *Law Funder*, 924 F.3d at 758-59). Contrary to Textron's arguments (Opposition at 9 n.3), *Mobility Workx* is not "in conflict" with *Law Funder* because *Law Funder* did not address when a sanction of an adverse inference is appropriate. 924 F.3d at 757. Rather, *Law Funder* dealt with the sanction of striking pleadings, which is not at issue here. *Id.* Regardless, the Discovery Order's adverse inference is neither "just" nor "related to the particular 'claim'" at issue. *See id.* at 758. The source code subject to export control is irrelevant and, even if relevant, is not related to every limitation of the claims of the '752 patent. *See* Ex. 5 (explaining why the source code requested is not necessary nor related to the limitations Textron identified). Thus, the Discovery Order's blanket adverse inference for the '752 patent should be vacated.

## V.     Conclusion

DJI respectfully requests this Court sustain its objections and vacate Magistrate Judge Gilliland's Discovery Order.

DATED: December 28, 2022

/s/ Benjamin R. Schlesinger
Qingyu Yin (*pro hac vice*)
J. Michael Jakes (*pro hac vice*)
Sydney Kestle (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.

---

[4] *Mobility Workx, LLC v. Cellco Partnership*, No. 4:17-cv-00872, 2019 WL 6117349, at *5 (E.D. Tex. Nov. 18, 2019).

[5] Textron's waiver argument is also misplaced. The parties did not brief whether Rule 37 sanctions should be imposed but instead followed this Court's procedure for a discovery dispute. Moreover, Textron bears the burden of establishing bad faith, not DJI. *See Mobility Workx*, 2019 WL 6117349, at *6.

Washington, D.C. 20001-4413
(202) 408-4000
qingyu.yin@finnegan.com
mike.jakes@finnegan.com
sydney.kestle@finnegan.com

Benjamin R. Schlesinger (*pro hac vice*)
Robert K. High (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
benjamin.schlesinger@finnegan.com
robert.high@finnegan.com

Jacob A. Schroeder (*pro hac vice*)
Jinwoo Kim (*pro hac vice*)
Yanyi Liu (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Stanford Research Park, 3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
(650) 849-6600
jacob.schroeder@finnegan.com
jinwoo.kim@finnegan.com
yanyi.liu@finnegan.com

John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
Jacqueline P. Altman
State Bar No. 24087010
**NAMAN, HOWELL, SMITH & LEE PLLC**
400 Austin Avenue, Suite 800
Waco, Texas 76701
Telephone: 254.755.4100
Facsimile: 254.754.6331
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

*Attorneys for Defendants SZ DJI Technology Co., Ltd., DJI Europe B.V., SZ DJI Baiwang Technology Co. Ltd., and iFlight Technology Company Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing and supporting exhibits was served via electronic mail to all counsel of record who have appeared in this case per Local Rule CV-5(b) on December 28, 2022.

/s/ *Benjamin R. Schlesinger*
Benjamin R. Schlesinger