# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6:21-cv-00740-ADA |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., SHENZHEN DAJIANG BAIWANG TECHNOLOGY CO. LTD., and IFLIGHT TECHNOLOGY COMPANY LTD., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND ANSWER WITH DEFENSE OF INEQUITABLE CONDUCT

**TABLE OF CONTENTS**

I. ARGUMENT ........................................................................................................................ 2

    A. DJI's Amended Complaint Is Not Futile Because It Adequately Pleads Deceptive Intent ................................................................................................. 2

    B. DJI Diligently Investigated Inequitable Conduct ..................................................... 8

    C. Textron Is Not Prejudiced by DJI's Defense of Inequitable Conduct .................... 9

II. CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aventis Pharma S.A. v. Hospira*,
   675 F.3d 1324 (Fed. Cir. 2012) .................................................................................... 4, 7

*Belcher Pharm., LLC v. Hospira, Inc.*,
   11 F.4th 1345 (Fed. Cir. 2021) ................................................................................. 4, 6, 7

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) .................................................................................... 2, 3

*Flypsi, Inc. v. Dialpad, Inc.*,
   No. 6:21-cv-00642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022) ........................ 5, 6

*Squyres v. Heico Cos., L.L.C.*,
   782 F.3d 224 (5th Cir. 2015) ............................................................................................ 9

*Sysmex Corp. v. Beckman Coulter, Inc.*,
   No. 19-cv-01642, 2022 WL 1503987 (D. Del. May 6, 2022), *adopting report and recommendation*, 2022 WL 1744573 (D. Del. May 31, 2022) ................................................ 8

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) (en banc) ..................................................................... 2, 4

*Unwired Planet, LLC v. Apple Inc.*,
   No. 13-cv-04134, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) ........................................ 7

Textron does not dispute that DJI's defense of inequitable conduct satisfies the but-for materiality element. Instead, Textron ignores factual allegations, including ███████████████████████████████████████████████████████████████████████████████████████████████████████████, to argue that the pleading lacks sufficient allegations of deceptive intent. Contrary to Textron's argument, DJI does not attempt to infer deceptive intent solely from materiality. Rather, as is consistent with the law, it is reasonable to infer deceptive intent from the aggregate of the circumstantial evidence addressed in DJI's amended answer. Textron's attempts to ignore the pleading standard and litigate the merits by arguing that ███████████████████████████████████████████████ should be rejected. Before the Court is DJI's motion to amend its Answer, not summary judgment.

Textron's arguments on diligence ignore that it withheld the documents during discovery and falsely denied their existence in response to an interrogatory. Textron does not dispute that (1) the withheld documents are responsive to DJI's May 3 requests for production (Dkt. 110, Ex. D at 10), (2) Textron has had these documents the entire time (*see* Dkt. 110, Ex. B, 143:13-18, 144:7-14), and (3) Textron *falsely* told DJI that Textron was *only* aware of prior art cited on the face of the '752 patent (Dkt. 110, Ex. G at 13-15). As Textron admits, it identified Mr. Christensen as a relevant witness by April 22, 2022, so Textron should have identified and produced these references early in discovery. Had Textron complied with its discovery obligations, DJI could have deposed Mr. Christensen earlier and moved to amend its Answer earlier.

Textron has identified no cognizable prejudice if DJI is permitted to amend its Answer. The only "prejudice" it alleges is that its lawyers will have more work. That is true every time a defense is added, and any complaints about timing are caused by Textron's failure to comply with its discovery obligations. DJI has demonstrated good cause for amending its Answer.

I.  ARGUMENT

   A.  **DJI's Amended Complaint Is Not Futile Because It Adequately Pleads Deceptive Intent**

DJI is not attempting to infer intent from materiality, as Textron argues. The intent element of inequitable conduct is satisfied when an applicant "knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc). At the pleading stage, intent is adequately pled with "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information . . . and (2) withheld . . . this information with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009). "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290. A reasonable inference of deceptive intent "is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Exergen*, 575 F.3d at 1329 n.5. The requirements for pleading inequitable conduct are lower than those for prevailing on the merits. *Id.* DJI's amended answer meets the standard for pleading the intent element of inequitable conduct, the only element in dispute.

DJI's amended answer includes detailed factual allegations that permit the Court to reasonably infer that ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████. As stated in DJI's amended answer, Harding 2007, Fletcher, and Gold each contain disclosures that ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

2

█████████████████████████████

█████████████████████████████

█████████████████████████████

█████████████████████████████

█████████████████████████████

█████████████████████████████

████████████████████ DJI's amended answer also detailed how Textron obtained allowance during prosecution by arguing the prior art lacks disclosure of a claim element that explicitly appears in the prior art withheld from the PTO. *Id.* at ¶ 125.

> In view of each of these factual allegations, DJI's amended answer concludes that, ████████████████████ the material and non-cumulative nature of the papers, █████████████ the single most reasonable inference to be drawn from these facts is that these papers were withheld from the PTO, either by Mr. Christensen or the prosecuting attorney, with deceptive intent.

*Id.* at ¶ 126. Textron latches onto one portion of this list of reasons—the material and non-cumulative nature of the papers—and ignores the other factual allegations in DJI's amended answer relating to intent to argue that DJI is attempting to infer intent from materiality. Plaintiff's Opposition to the Motion ("Textron Br."; Dkt. 121) at 6. This argument disregards the requirement of factual allegations that "give rise to a reasonable inference of scienter," which includes "knowledge of the withheld material information." *Exergen*, 575 F.3d at 1330. DJI's amended answer includes factual allegations demonstrating how █████████████████████████████████████████████, satisfying this prong of *Exergen*. And from the entire set of facts

set out in the amended complaint, deceptive intent is the single most reasonable inference to be drawn.

Contrary to Textron's argument, nothing prevents courts from considering an individual's knowledge of the material information to support an inference of deceptive intent. *Therasense* only held that courts "may not infer intent *solely* from materiality," but rather "must weigh the evidence of intent to deceive independent of its analysis of materiality." 649 F.3d at 1290 (emphasis added). DJI is not asking for an inference of deceptive intent solely from the materiality of the withheld references, but rather from the entirety of the facts. This is consistent with the Federal Circuit's analysis of specific intent post-*Therasense*. *See Belcher Pharm., LLC v. Hospira, Inc.*, 11 F.4th 1345, 1354 (Fed. Cir. 2021); *Aventis Pharma S.A. v. Hospira*, 675 F.3d 1324, 1335-36 (Fed. Cir. 2012). In *Aventis*, for example, the Court upheld an inference of deceptive intent based on the inventor's knowledge that the withheld prior art was "relevant to the patentability of his alleged invention" and his choice "not to disclose it to the patent office." 675 F.3d at 1336 (cleaned up). Similarly, in *Belcher*, the Court affirmed a finding of deceptive intent based in part on an individual's knowledge of prior art that disclosed the claim element the patentee relied on to obtain patent allowance. 11 F.4th at 1353-54. For similar reasons as in *Aventis* and *Belcher*, the factual allegations here support an inference of deceptive intent. *See* Dkt. 110 at 8-9.

Textron's attempts to minimize all factual allegations other than materiality should be rejected. For example, Textron attempts to dismiss ████████████████████████ ████████████████████████████████████████ because, "like most inventors, Mr. Christensen was aware of technical references" and "such discussions are commonplace." Textron Br. 7. But the factual allegations here go far beyond mere knowledge of the references and generic discussions. As detailed in the amended answer, ████████

4

[redacted]

Textron's reliance on *Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-cv-00642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022) is misplaced. First, in *Flypsi*, the patentee did not disclose the existence of a parallel litigation or the invalidity contentions produced in that litigation to the PTO but did disclose all of the prior art references listed in the invalidity contentions to the PTO. 2022 WL 359132, at *1-2. Here, [redacted] Second, the pleading in *Flypsi* failed to meet the but-for pleading threshold because of a lack of specificity in the

pleading and because the PTO granted the patent "with the benefit of the disclosed underlying prior art." *Id.* at *7-10. It is undisputed that DJI met the but-for pleading threshold here. Third, this Court found that the allegations of deceptive intent were lacking because they failed "to identify the specifically material information" and because they did not include "a single factual allegation relevant to intent separate from [the defendant's] deficient allegations of materiality." *Id.* at *10-11. As discussed above, that is not the case here. Unlike *Flypsi*, Textron failed to disclose the prior art itself—not just chart charts describing the disclosed prior art—that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The factual allegations supporting an inference of deceptive intent here are much stronger than those in *Flypsi*.

Textron makes the same mistake that the patentee in *Belcher* made. According to Textron, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ shows a lack of deceptive intent. Textron Br. 10-11 (citing Ex. B (Christensen Dep. Tr.), 194:14-19, 195:1-6, 195:12-196:2). But the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In *Belcher*, the patentee also tried to argue a lack of deceptive intent because the individual "genuinely believed that the withheld products . . . were irrelevant given their high overages." 11 F.4th at 1354. But the court rejected this "post hoc rationale[] for withholding material prior art" based on the other evidence of record, including that the withheld prior art disclosed the element that the patentee used to obtain allowance. *Id.* Like in *Belcher*, the patentee's post hoc rationale should be rejected, as ▮▮▮▮▮▮▮▮

6

███████████████████████████████████████████████ Textron's argument is further belied by the patentee's reliance on a limitation disclosed in the withheld prior art to obtain allowance of the patent, just like *Belcher*. *See* Dkt. 110 at 8.

Moreover, Textron's attempt to litigate the merits of ████████████ is premature at the pleading stage. Indeed, what Textron conveniently omits from its brief is ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This testimony in combination with the rest of the allegations in DJI's amended answer is sufficient to establish the intent element of inequitable conduct at the pleading stage.

████████████████████████████████████████████████ is not even enough for summary judgment, let alone enough to find DJI's inequitable conduct defense futile at the more lenient pleadings stage. *Unwired Planet, LLC v. Apple Inc.*, No. 13-cv-04134, 2017 WL 1175379, at *3 (N.D. Cal. Feb. 14, 2017) ("[I]f the inventors' self-reported state of mind were, as a rule, enough for summary judgment of no inequitable conduct, there would be little reason to allow fact-finders to draw inferences from indirect evidence in the first place."). Indeed, it is common for district courts to reject an individual's explanation for withholding prior art based on lack of credibility. *See Belcher*, 11 F.4th at 1354 (noting that "[t]he district court found Mr. Rubin's reasons for withholding the JHP product to be implausible and not credible"); *Aventis*, 675 F.3d at 1335 (noting that the district court found that "Fabre's excuse that he withheld the *Vidal* reference because the etoposide-type experiments he and his co-inventors performed were failures . . . was not credible"). The evidence here is enough to advance to trial to litigate the issue of ██ ████████████ on the merits. *See Sysmex Corp. v. Beckman Coulter, Inc.*, No. 19-cv-01642,

7

2022 WL 1503987, at *4-8 (D. Del. May 6, 2022) (denying summary judgment because a reasonable factfinder could find that deceptive intent was the single most reasonable inference from the evidence where two inventors were involved in the prior-art device that was withheld from the PTO), *adopting report and recommendation*, 2022 WL 1744573, *2-3 (D. Del. May 31, 2022).

### B. DJI Diligently Investigated Inequitable Conduct

Textron's argument that DJI was not diligent because it waited until after the deadline to amend pleading to depose Mr. Christensen should be rejected. As explained in DJI's Motion, DJI pursued evidence of inequitable conduct through both interrogatories and requests for production. Mr. Christensen's prior art search results are responsive to Requests for Production Nos. 9 and 11, both of which were served in May 2022. Dkt. 110 at 2-3 (citing Ex. D (First Set of RFPs), 10). Similarly, information related to ███████████████████ is responsive to Interrogatory No. 6, which DJI served in May 2022. *Id.* at 3 (citing Ex. F (First Set of Interrogatories), 9-10). Textron, however, failed to provide ███████████████████ until after the discovery period closed—over six months after originally requested. Instead, Textron told DJI in its discovery responses that it was only "aware of the references cited on the face of" the '752 patent until this litigation. Dkt. 110, Ex. G (Textron's Responses to Interrogatories), 13-15. Had Textron complied with its discovery obligations and timely searched for and provided the requested information, DJI could have pursued a deposition of Mr. Christensen much earlier in the case.

Moreover, Textron told DJI on November 21, 2022, that it would "promptly provide a supplemental response to DJI's Interrogatory No. 6," which requested that Textron "identify all Prior Art that Textron was or is currently aware of, including the dates and circumstances of when and how such prior art was discovered, who discovered it, and whether and, if so, to whom such

prior art was disclosed." Dkt. 110, Ex. H (Email Chain); Dkt. 110, Ex. F (First Set of Interrogatories), 9-10. It has now been over a month since this promise, and Textron has still not provided its supplemental response. Textron should not be rewarded for disregarding its discovery obligations during the discovery period and dragging its feet even after its deficient discovery responses came to light.

### C. Textron Is Not Prejudiced by DJI's Defense of Inequitable Conduct

Textron does not claim prejudice because, for example, it was prevented from obtaining discovery related to DJI's inequitable conduct claim. Instead, Textron's only argument that it would be prejudiced by DJI's defense of inequitable conduct is that it would create additional work for its lawyers going forward. Textron Br. 12-13. For example, Textron argues that allowing DJI's amendment would force Textron "to prepare a dispositive motion on inequitable conduct and to prepare for a bench trial on inequitable conduct that may never occur." *Id.* at 13. Textron does not cite a single case supporting a finding of prejudice on this basis. Indeed, there is no prejudice here because Textron still has plenty of time to do all of those things. Had Textron provided the requested information back when DJI originally requested, nothing would have changed other than Textron would have had more time to prepare for dispositive motions and trial.

To the extent any such prejudice exists, it is of Textron's own making. Textron failed to comply with its discovery obligations, and Textron set Mr. Christensen's deposition date for the last day of the fact discovery period. Textron's own actions created the delay from which it now complains.

Textron does not analyze the fourth factor for "determining whether there is good cause under Rule 16(b)(4)": "the availability of a continuance to cure" the potential prejudice of allowing the amendment. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). To the extent

9

that the Court finds that Textron is prejudiced by the timing of DJI's Motion, good cause still exists because a continuance would cure the prejudice of which Textron complains.

## II.     CONCLUSION

For the reasons stated above and DJI's Motion, leave to amend should be freely granted because good cause exists and justice so requires. DJI respectfully requests that the Court grant leave to file the proposed amended pleading (Dkt. 110, Ex. A).

DATED: December 28, 2022

*/s/ Benjamin R. Schlesinger*
Qingyu Yin (*pro hac vice*)
J. Michael Jakes (*pro hac vice*)
Sydney Kestle (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
qingyu.yin@finnegan.com
mike.jakes@finnegan.com
sydney.kestle@finnegan.com

Benjamin R. Schlesinger (*pro hac vice*)
Robert K. High (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
benjamin.schlesinger@finnegan.com
robert.high@finnegan.com

Jacob A. Schroeder (*pro hac vice*)
Jinwoo Kim (*pro hac vice*)
Yanyi Liu (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

Stanford Research Park, 3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
(650) 849-6600
jacob.schroeder@finnegan.com
jinwoo.kim@finnegan.com
yanyi.liu@finnegan.com

John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
Jacqueline P. Altman
State Bar No. 24087010
**NAMAN, HOWELL, SMITH & LEE PLLC**
400 Austin Avenue, Suite 800
Waco, Texas 76701
Telephone: 254.755.4100
Facsimile: 254.754.6331
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

*Attorneys for Defendants SZ DJI Technology Co., Ltd., DJI Europe B.V., SZ DJI Baiwang Technology Co. Ltd., and iFlight Technology Company Ltd.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing and supporting exhibits was served via electronic mail to all counsel of record who have appeared in this case per Local Rule CV-5(b) on December 28, 2022.

      /s/ *Benjamin R. Schlesinger*
      Benjamin R. Schlesinger