```
                                                                    -1-

 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
 2                        WACO DIVISION

 3  TEXTRON INNOVATIONS INC  *
                             *     December 12, 2022
 4  VS.                      *
                             *CIVIL ACTION NO.W-21-CV-740
 5  SZ DJI TECHNOLOGY CO.,   *
      LTD, ET AL
 6
                 BEFORE THE HONORABLE ALAN D ALBRIGHT
 7                    MOTION HEARING (via Zoom)

 8  APPEARANCES:

 9  For the Plaintiff:    Mark A. Speegle, Esq.
                          Kevin J. Meek, Esq.
10                        Baker Botts, LLP
                          98 San Jacinto Blvd., Suite 1500
11                        Austin, TX 78701

12                        Harrison Rich, Esq.
                          Baker Botts L.L.P.
13                        2001 Ross Avenue, Suite 900
                          Dallas, TX 75201
14
                          Mark D. Siegmund, Esq.
15                        Steckler Wayne Cochran Cherry, PLLC
                          8416 Old McGregor Rd.
16                        Waco, TX 76712

17  For the Defendant:    Sydney Kestle, Esq.
                          Finnegan, Henderson, Farabow,
18                          Garrett & Dunner LLP
                          901 New York Ave. Nw
19                        Washington, DC 20001

20                        Benjamin R. Schlesinger, Esq.
                          Finnegan Henderson Farabow Garrett
21                          & Dunner LLP
                          271 17th St. Nw Suite 1400
22                        Atlanta, GA 30363-6209

23                        Jacob Schroeder, Esq.
                          Finnegan Henderson Farabow Garrett
24                          & Dunner LLP
                          Stanford Research Park
25                        3300 Hillview Avenue, 2nd Floor
                          Palo Alto, CA 94304
```

*KRISTIE M. DAVIS, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (WACO)*

2

```
                      John P. Palmer, Esq.
                      Naman Howell Smith & Lee
                      P.O. Box 1470
                      Waco, TX 76703-1470

Court Reporter:       Kristie M. Davis, CRR, RMR
                      PO Box 20994
                      Waco, Texas 76702-0994
                      (254) 340-6114
```

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
03:01   1                       (Hearing begins.)
03:01   2                       DEPUTY CLERK:  A civil action in Case
03:01   3    6:21-CV-740, Textron Innovations Inc. versus SZ DJI
03:01   4    Technology Company, LTD., et al.  Case is called for a
03:01   5    motions hearing.
03:01   6                       THE COURT:  Announcements from counsel,
03:01   7    starting with plaintiff, please.
03:01   8                       MR. SIEGMUND:  Good afternoon, Your
03:01   9    Honor.  This is Mark Siegmund on behalf of plaintiff
03:01   10   Textron.  With me this afternoon are my co-counsel Mark
03:01   11   Speegle and Harrison Rich with Baker Botts and Kevin
03:01   12   Meek with McDermott.
03:01   13                      And Mr. Speegle will be arguing on behalf
03:01   14   of Textron, Your Honor.
03:01   15                      THE COURT:  And for defendant?
03:01   16                      MR. PALMER:  Good afternoon, Your Honor.
03:01   17   John Palmer with Naman Howell on behalf of defendants.
03:01   18   I'm local counsel.
03:01   19                      And Sydney Kestle with Finnegan will be
03:02   20   the main speaker.  We have a whole slew of folks here,
03:02   21   but Ben Schlesinger I can for sure say is here, who's
03:02   22   lead counsel.
03:02   23                      THE COURT:  I've gone over the request,
03:02   24   and I'm not sure -- maybe I'm just missing something --
03:02   25   why I wouldn't treat these issues, indirect
```

```
03:02  1   infringement, contributory infringement and especially
03:02  2   willful infringement, the way I ordinarily do, which is
03:02  3   dismiss them without prejudice, allow -- after the
03:02  4   Markman, when the discovery begins, allow discovery,
03:02  5   and within -- I think it's typically three months allow
03:02  6   the plaintiff to amend their pleadings, without leave
03:02  7   of Court, to either plead or not plead all of these
03:02  8   issues once they've had an opportunity to take
03:02  9   discovery.
03:02  10              And the reason I do it that way generally
03:03  11  is so that the plaintiff knows they can take discovery
03:03  12  even though these claims may not be actively in their
03:03  13  complaint and the defendant won't say they're not going
03:03  14  to do discovery because they're not in there.
03:03  15              That's typically the way I handle this.
03:03  16  Let me hear from, I guess, counsel for defendant as to
03:03  17  why that wouldn't be the way I should do it at this
03:03  18  time.
03:03  19              MS. KESTLE:  Yes.  Thank you, Your Honor.
03:03  20              Respectfully, fact discovery has already
03:03  21  closed in this case and --
03:03  22              THE COURT:  Okay.  Now it makes sense.
03:03  23              Okay.  So why would this then not be a
03:03  24  motion for summary judgment?
03:03  25              MS. KESTLE:  That's fine, Your Honor.
```

```
03:03   1    You may resolve the situation however you best see fit.
03:03   2                 We do see that the pleadings that were
03:03   3    put forth in the complaint are inadequate for pre-suit
03:04   4    indirect and willful infringement and post-suit
03:04   5    contributory infringement.  And nothing that has
03:04   6    evolved during fact discovery changes that.
03:04   7                 THE COURT:  Has the defendant received an
03:04   8    expert report with respect to whether or not there's
03:04   9    indirect infringement, whether or not there is
03:04  10    contributory infringement -- and I'll hold off on
03:04  11    willful infringement for a second.
03:04  12                 Are there -- has the expert for plaintiff
03:04  13    opined on these issues?
03:04  14                 MS. KESTLE:  Yes, Your Honor.  The
03:04  15    parties exchanged opening expert reports just last
03:04  16    week.
03:04  17                 THE COURT:  Okay.  So let me go back --
03:04  18    and I guess this is why I'm perplexed here.
03:04  19                 If you have the plaintiff's expert report
03:04  20    that -- what would you like the plaintiff to do, take
03:04  21    from their expert report and put it in their complaint?
03:04  22                 I mean, you have -- the expert report is
03:04  23    going to limit them.  I'm not -- I don't understand the
03:05  24    procedural context of this.
03:05  25                 I'll -- I'm leaving out willful
```

```
03:05   1   infringement, which I usually take up, I'll tell you,
03:05   2   at the pretrial conference because usually it's a
03:05   3   summary judgment.  It's rare I take up the willful
03:05   4   infringement.  And I -- sometimes it's a good thing for
03:05   5   the plaintiff, and sometimes it's a bad thing for the
03:05   6   plaintiff.
03:05   7              Now, if -- I'll forecast it.  If the
03:05   8   plaintiff is unable to allege knowledge of the patent
03:05   9   and if there was no claim -- let me be as broad as I
03:05  10   can be, if there's no allegation that there might be
03:05  11   infringement made by the plaintiff prior to the filing
03:05  12   of the lawsuit, typically I do terminate the willful
03:05  13   claims at that point as well.
03:05  14              But let's go for a second just what
03:05  15   you -- the defendant has the plaintiff's expert reports
03:06  16   on indirect infringement and contributory infringement,
03:06  17   correct?
03:06  18              MS. KESTLE:  Yes.  That's correct, Your
03:06  19   Honor.
03:06  20              THE COURT:  So I don't understand why you
03:06  21   want me to dismiss their complaint.
03:06  22              MS. KESTLE:  Well, respectfully, Your
03:06  23   Honor, we did file this motion to dismiss shortly after
03:06  24   the amended complaint was filed and raising all of the
03:06  25   positions that you see in our briefing about the
```


```
03:06  1    inadequacy of the pleadings based on pre-suit knowledge
03:06  2    both of the patent and of infringement and then also
03:06  3    post-suit contributory infringement, we've just been
03:06  4    maintaining those positions throughout.
03:06  5                    And to the extent that Your Honor would
03:06  6    seek to limit the positions that Textron has raised
03:06  7    going forward, we are open to that, but --
03:06  8                    THE COURT:  Well, I'm old-fashioned.
03:06  9    Everyone on this call, other than maybe Mr. Palmer, is
03:06  10   younger than I am.  I'm not sure if Mr. Palmer's
03:06  11   younger than I am or not.  We're probably pretty close.
03:06  12                   MR. PALMER:  You've got a year and a half
03:06  13   on me, Your Honor.
03:07  14                   THE COURT:  Like I said, close.
03:07  15                   And so -- but I'm old-fashioned.  I tend
03:07  16   to restrict parties to what's in their expert reports
03:07  17   at trial.
03:07  18                   So here's what I'm going to do.  I'm
03:07  19   going to deny the -- without prejudice the motion to
03:07  20   dismiss the pleadings on indirect infringement and pre
03:07  21   and post contributory infringement.
03:07  22                   I know this may, for the defendant's
03:07  23   side, frustrate their clients if they're saying, well,
03:07  24   why doesn't he just take it up now?
03:07  25                   I'm not forecasting what I'll do, but I,
```

03:07  1   generally speaking on these issues, am a big believer
03:07  2   in taking these issues up with respect to summary
03:07  3   judgments.  And that's what I'll do with regard -- so
03:07  4   there's no prejudice to the defendants filing these
03:07  5   exact same arguments now that you have the plaintiff's
03:08  6   expert reports, and that is what they are in concrete
03:08  7   on.
03:08  8              Now, let's turn to willful infringement.
03:08  9              Let me hear from the plaintiff.  Does the
03:08  10  plaintiff allege that they gave notice to the defendant
03:08  11  ahead of filing the lawsuit that they believed -- I
03:08  12  don't know how many there are.  Gosh, looks like five
03:08  13  patents.
03:08  14             Did the plaintiff give notice to the
03:08  15  defendant ahead of filing the lawsuit that they believe
03:08  16  that the defendant was infringing one or any of -- or
03:08  17  all five of these?
03:08  18             MR. SPEEGLE:  Yes, Your Honor.  There was
03:08  19  a letter sent in September of 2019 raising one of the
03:08  20  patents and its family, which includes a second of the
03:08  21  patents.
03:08  22             There's other facts identified about the
03:08  23  prosecution history.  And then, you know, fact
03:08  24  discovery has, you know, indicated that there was some
03:08  25  searching done by Textron -- by the defendant DJI that

```
03:08    1   may be relevant too in terms of their own independent
03:09    2   searching for the patents.  And those all came out in
03:09    3   fact discovery, Your Honor.
03:09    4               THE COURT:  Well, I'm not -- I will tell
03:09    5   you in advance that I understand the willful
03:09    6   indifference, I understand they may be searching for
03:09    7   stuff, but my understanding of the law is that they
03:09    8   could be aware of these patents, but until you -- and
03:09    9   look.  I say this every time.  I had a lawsuit for a
03:09   10   company where one of the folks at the company was the
03:09   11   inventor of the patent and left and started a competing
03:09   12   company.  And we thought, gosh.  He's got notice.
03:09   13               And he didn't have notice for willfulness
03:09   14   purposes until we sent him a letter and his company a
03:09   15   letter saying, we think you're infringing this.
03:09   16               So I'm a big believer that that's what
03:09   17   the law says.  But again, I think -- I'm not going to
03:09   18   deal with this at the motion to dismiss stage.  I'll
03:09   19   save this for the pretrial conference.
03:09   20               But my guidance to everyone is, there has
03:10   21   to be, and it sounds like there is for at least one or
03:10   22   two of the patents, notice ahead of the filing of the
03:10   23   lawsuit.  I don't know if -- from the dates, if it was
03:10   24   a week.  That's probably...
03:10   25               But I'll take this up at either -- I will
```

```
03:10   1   take it up for sure at the pretrial, and then I usually
03:10   2   rule on it at the pretrial, or depending what the
03:10   3   arguments are, I allow the case to proceed to the
03:10   4   trial.  If willfulness is still in the case when you go
03:10   5   to trial, the plaintiff can tell the jury that that's a
03:10   6   component at risk that I may NOV it before -- and the
03:10   7   jury may not get to hear it from them.
03:10   8                   So that's what I'm going to do with
03:10   9   regard to the willful infringement issue.
03:10  10                   I'll -- these are all issues that, in my
03:10  11   court, I take up at the pretrial conference.
03:10  12                   Is there anything else that we need to
03:10  13   take up today?
03:11  14                   MR. SIEGMUND:  Not from the plaintiff,
03:11  15   Your Honor.  Thank you.
03:11  16                   THE COURT:  And from defendant?
03:11  17                   MS. KESTLE:  Not here either, Your Honor.
03:11  18   Thank you.
03:11  19                   THE COURT:  Hope everyone has a Merry
03:11  20   Christmas or whatever it is you celebrate, happy
03:11  21   holidays, and I hope to see at least those of you who
03:11  22   are in town before then.  But have a great holiday.
03:11  23                   Take care.
03:11  24                   (Hearing adjourned.)
       25
```

11

1  UNITED STATES DISTRICT COURT )
2  WESTERN DISTRICT OF TEXAS    )
3
4
5          I, Kristie M. Davis, Official Court
6  Reporter for the United States District Court, Western
7  District of Texas, do certify that the foregoing is a
8  correct transcript from the record of proceedings in
9  the above-entitled matter.
10         I certify that the transcript fees and
11 format comply with those prescribed by the Court and
12 Judicial Conference of the United States.
13         Certified to by me this 31st day of
14 January 2023.
15
16                         /s/ Kristie M. Davis
                           KRISTIE M. DAVIS
17                         Official Court Reporter
                           800 Franklin Avenue
18                         Waco, Texas 76701
                           (254) 340-6114
19                         kmdaviscsr@yahoo.com