**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTRON INNOVATIONS INC., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SZ DJI TECHNOLOGY CO., LTD., DJI § <br> EUROPE B.V., SHENZHEN DAJIANG § <br> BAIWANG TECHNOLOGY CO. LTD., § <br> AND IFLIGHT TECHNOLOGY § <br> COMPANY LTD., § <br> *Defendants*. | CIVIL ACTION 6:21-cv-00740-ADA <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO EXCLUDE CERTAIN TESTIMONY AND EXPERT OPINIONS OF DJI'S NON-INFRINGEMENT AND INVALIDITY EXPERT DR. ILLAH NOURBAKHSH**

i

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

I.   Argument ............................................................................................................................. 2

    A.   The Court Should Exclude Dr. Nourbakhsh's Opinions That Reargue DJI's Previously-Rejected Claim Constructions ............................................................. 2

        1.   The Court should exclude Dr. Nourbakhsh's opinions that are based on re-arguing DJI's rejected construction of "selected" velocity and/or position in the '909 and '085 patents ........................................................................ 3

        2.   The Court should exclude Dr. Nourbakhsh's opinions that are based on re-arguing DJI's rejected construction of the "speed hold loop" term in the '752 patent ................................................................................................... 4

    B.   The Court Should Exclude Dr. Nourbakhsh's Invalidity Opinions That Compare the Prior Art to TII's Infringement Contentions—With Which Dr. Nourbakhsh *Disagrees* ................................................................................................................ 6

        1.   Dr. Nourbakhsh improperly compares the art to TII's infringement contentions, not the patent claims ............................................................... 7

        2.   Dr. Nourbakhsh's invalidity opinions are based on infringement theories and supposed claim constructions he disagrees with .................................. 8

    C.   The Court Should Exclude Dr. Nourbakhsh's Opinions Suggesting DJI's Products Invalidate TII's Patents Where DJI Has Never Asserted Those Products Are Prior Art ........................................................................................................................ 10

II.  Conclusion ........................................................................................................................ 12

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012)..................................................................................................3

*Burleson v. Tex. Dep't of Crim. Justice*,
    393 F.3d 577 (5th Cir. 2004) .....................................................................................................8

*Droplets, Inc. v. Yahoo! Inc.*,
    2021 WL 9038353 (N.D. Cal. July 1, 2021)..............................................................................6

*Genband US LLC v. Metaswitch Networks Corp.*,
    No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015).......................8, 9

*Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.*,
    2022 WL 17886016 (C.D. Cal. 2022)........................................................................................2

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    2017 WL 4619791 (E.D. Tex. Oct. 16, 2017) .........................................................................10

*Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*,
    50 F. Supp. 2d 619 (E.D. Tex. 1999).......................................................................................12

*TiVo, Inc. v. Echostar Communs. Corp.*,
    516 F.3d 1290 (Fed. Cir. 2008)..............................................................................................7, 8

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
    2017 WL 404519 (W.D. Tex. Jan. 27, 2017) ........................................................................2, 3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**INDEX OF EXHIBITS**

| Exhibit | Description of Document |
|---|---|
| Exhibit A | Non-infringement Report of Dr. Nourbakhsh (Excerpted - highlighted) |
| Exhibit B | Nourbakhsh Deposition Transcripts (Excerpted - highlighted) |
| Exhibit C | U.S. Patent No. 8,014,909 |
| Exhibit D | U.S. Patent No. 8,108,085 |
| Exhibit E | Invalidity Report of Dr. Nourbakhsh (Excerpted - highlighted) |
| Exhibit F | DJI's Preliminary Invalidity Contentions |
| Exhibit G | DJI's Final Invalidity Contentions |

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Textron Innovations Inc. ("TII") moves to exclude certain expert testimony of DJI's non-infringement and invalidity expert, Dr. Nourbakhsh. The Court should exclude three of Dr. Nourbakhsh's opinions in his non-infringement and invalidity reports.

First, the Court should exclude two of Dr. Nourbakhsh's non-infringement opinions that reargue the exact same claim construction that DJI proposed and the Court rejected at *Markman*. During *Markman*, DJI proposed constructions for the "selected" velocity and/or position term in the '909 and '085 Patents and the "forward speed hold loop" term in the '752 Patent. Dkt. 66 at 2, 11. The Court rejected DJI's proposals and adopted TII's plain and ordinary meaning proposals. Dkt. 77. Dr. Nourbakhsh now adopts the same constructions DJI proposed and lost. But the Court resolved the parties' dispute over these terms when it adopted TII's plain and ordinary meaning proposals, and DJI should not be allowed to re-argue them through its expert.

Second, the Court should exclude certain of Dr. Nourbakhsh's invalidity opinions that suffer from two major flaws. The first flaw is that Dr. Nourbakhsh performed the wrong invalidity analysis. ▮▮▮▮ On top of that flaw, Dr. Nourbakhsh's invalidity opinions ▮▮▮▮ ▮▮▮▮. However, Dr. Nourbakhsh testified in deposition that ▮▮▮▮ ▮▮▮▮ And Dr. Nourbakhsh did not conduct an independent invalidity analysis applying what he thinks is the correct interpretation of the claims. This type of opinion has been found unreliable because it is not an independent opinion.

Third, Dr. Nourbakhsh's ***noninfringement*** report improperly suggests ▮▮▮▮ ▮▮▮▮. *See* Ex. A (Nourbakhsh Rebuttal Report) at ¶ 237. Dr. Nourbakhsh's noninfringement report describes

███████████████████████████████████████████████████████████████████████████

███████████████. *Id*. However, DJI never asserted the products invalidate the '752 Patent, and Dr. Nourbakhsh admitted at his deposition that █████████████████████████

█████████. Ex. B (Nourbakhsh January 25 and 27, 2023 Deposition Transcript Excerpts) at 185:9-11. This opinion should be excluded because it will confuse and not help the jury.

I. ARGUMENT

    A.    **The Court Should Exclude Dr. Nourbakhsh's Opinions That Reargue DJI's Previously-Rejected Claim Constructions**

DJI is attempting to back door its own rejected claim constructions into the trial through the opinions of Dr. Nourbakhsh. This District and others have excluded these types of opinions before. *See YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 404519, at *2-3 (W.D. Tex. Jan. 27, 2017); *see also Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.*, 2022 WL 17886016, *7–*8 (C.D. Cal. 2022) (excluding expert opinions based on rejected claim constructions). In *YETI Coolers*, the parties during *Markman* disputed the meaning of "lip configured to conceal at least a portion of the base portion of the latch." *YETI Coolers*, at *1. The plaintiff proposed construing the term to have its plain and ordinary meaning, and the defendant proposed construing the term as "configured to hide at least a portion of the base of the latch ***when viewed from the front***." *Id*. at *2 (emphasis in original). The Court adopted the plaintiff's proposed construction and construed the term to have its plain and ordinary meaning. *Id*. at *1. After the Court rejected the defendant's construction, defendant's expert based his opinions on the same construction the Court had rejected. This Court granted the plaintiff's *Daubert* motion to exclude the defendant's expert opinions based on the previously-rejected construction, labeling the opinions as "wholly inappropriate" "attempted manipulation" and a "blatant attempt to 'back door' [defendant]'s rejected claim construction into the trial." *Id*. at *2-3.

2

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Certain of Dr. Nourbakhsh's non-infringement opinions for the '909, '085, and '752 Patents are indistinguishable from the excluded *YETI Coolers* opinions and should be excluded for the same reasons.

> 1. *The Court should exclude Dr. Nourbakhsh's opinions that are based on re-arguing DJI's rejected construction of "selected" velocity and/or position in the '909 and '085 patents*

Dr. Nourbakhsh's non-infringement opinions re-argue the exact same construction in the '909 and '085 Patents that DJI already proposed and lost. The '909 and '085 Patents recite the phrase "commanded data representing a selected velocity of the aircraft relative to the reference vehicle." Ex. C (the '909 Patent), and D (the '085 Patent). That phrase appears throughout the '909 and '085 Patent claims. During the *Markman* process, DJI proposed construing the "selected" velocity and/or position term in that phrase to require a choice by an operator, *i.e.*, "a velocity and/or position **chosen by the operator** of the aircraft." Dkt. 66 at 2 (emphasis added). TII proposed plain and ordinary meaning for those terms. The parties fully briefed the meaning of that term, with DJI arguing that the parties "dispute whether the claimed 'selected' velocity and/or position requires a choice by the operator." *Id.*; *see also* Dkt. Nos. 67-69 (disputing meaning in briefing). Although DJI elected not to argue the term at the *Markman* hearing, the Court resolved the parties' dispute over the scope of the term in its claim construction order. *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1325-26 (Fed. Cir. 2012) (ruling that by rejecting accused infringer's proposed construction of a claim term and giving the term its plain and ordinary meaning, the district court sufficiently resolved the claim construction dispute). The Court's order rejected DJI's proposal and adopted TII's plain and ordinary meaning proposal. Dkt. 77.

Just like the excluded opinions in *YETI Coolers*, Dr. Nourbakhsh now ███████████ ████████████████████████████████████████████████████████████████████████████████.

3

As with DJI's rejected construction during *Markman*, Dr. Nourbakhsh again argues  *Compare* Ex. A at ¶ 57 (emphasis added), *with* Dkt. No. 66 at 2 (proposing "a velocity and/or position **chosen by the operator** of the aircraft"). Dr. Nourbakhsh then applies that rejected construction to opine that . *See* Ex. A at ¶¶ 57-70. Such opinions would confuse the jury as to the scope and meaning of the "selected" velocity and/or position terms, and the Court should exclude them under FRE 702.

> 2. *The Court should exclude Dr. Nourbakhsh's opinions that are based on re-arguing DJI's rejected construction of the "speed hold loop" term in the '752 patent*

Dr. Nourbakhsh also for the '752 Patent. During the *Markman* process, DJI proposed construing the "forward speed hold loop" phrase[1] to include requirements that the loop must be "for maintaining the aircraft's forward speed" and must "maintain the current forward speed." *See* Dkt. No. 66 at 11. To support its proposal, DJI submitted an expert declaration from Dr. Nourbakhsh. Dkt. No. 66-8. TII, in contrast, proposed plain and ordinary meaning. Dkt. No. 67 at 14-15. DJI framed the parties' dispute as "whether the forward speed hold results in the aircraft maintaining its current forward speed, as proposed by DJI, or whether it results in the aircraft slowing down to a stop and hovering when the longitudinal controller is returned to a detent position, as TII appears to contend in its infringement

---

[1] DJI proposed construing the entire phrase "forward speed hold loop . . . wherein the forward speed hold loop automatically engages when the longitudinal controller is returned to a detent position and the aircraft groundspeed is outside a first groundspeed threshold" to mean a "loop for maintaining the aircraft's forward speed that automatically engages to maintain the current forward speed when the longitudinal controller is returned to a detent position and the aircraft's groundspeed exceeds the first groundspeed threshold." Dkt. No. 66 at 11.

contentions." Dkt. No. 66 at 11. The Court resolved that dispute in TII's favor when it adopted TII's proposed plain and ordinary meaning construction. Dkt. No. 77.

Dr. Nourbakhsh—the same expert that DJI used during *Markman*—now re-argues ▇▇. Just like DJI's construction during *Markman*, Dr. Nourbakhsh opines that ▇▇▇▇▇▇▇▇▇▇ *Compare* Ex. A at ¶ 262*, with* Dkt. No. 66 at 11 (proposing that the loop "*maintain* the current forward speed"). At deposition, Dr. Nourbakhsh ▇▇▇▇▇▇▇▇▇▇ Ex. B at 160:4-12; *see also id.* at 162:14-163:4 (same). Dr. Nourbakhsh then ▇▇▇▇▇▇▇▇▇▇. *Compare* Ex. A at ¶¶ 258-263 (▇▇▇▇▇▇), *with supra* at 4-5 (quoting DJI's framing of dispute as about *holding* speed versus decelerating to a stop and hovering at zero).

And Dr. Nourbakhsh does the same thing with the "lateral speed hold loop" term in the '752 Patent. As with the "forward speed hold loop" term, Dr. Nourbakhsh opines ▇▇▇▇▇▇▇▇. Although DJI proposed indefiniteness of that term during *Markman*, DJI did not propose the same construction it now attempts to inject under the guise of the Court's plain and ordinary meaning construction.

5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*Droplets, Inc. v. Yahoo! Inc.*, 2021 WL 9038353, at *2-4 (N.D. Cal. July 1, 2021) (excluding opinion based on new construction presented for the first time in expert report). DJI could have proposed its newfound construction during *Markman*, but chose not to do so to advance its indefiniteness argument. Having failed to present its purported plain and ordinary meaning during *Markman*, DJI waived that proposed meaning and should not now be allowed to raise the issue for the first time in Dr. Nourbakhsh's expert report.

These opinions revisiting claim construction on the '752 Patent would confuse and not help the jury. The Court should exclude them.

\*   \*   \*

At bottom, DJI is relitigating constructions that the Court decided against DJI. The parties spent significant resources on claim construction, and the Court adopted TII's proposed constructions instead of DJI's. In doing so, the Court resolved the parties' disputes over the scope of the claims, and DJI did not request reconsideration of these issues. There is no reason to spend additional resources relitigating these issues. Dr. Nourbakhsh's opinions based on the constructions discussed above should be excluded.

**B.    The Court Should Exclude Dr. Nourbakhsh's Invalidity Opinions That Compare the Prior Art to TII's Infringement Contentions—With Which Dr. Nourbakhsh *Disagrees***

Certain of Dr. Nourbakhsh's invalidity opinions should be excluded for two reasons. First, Dr. Nourbakhsh performs ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Second, Dr. Nourbakhsh bases his invalidity opinions ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Each reason is discussed below.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

> 1. Dr. Nourbakhsh improperly compares the art to TII's infringement contentions, not the patent claims

Comparing the patent claims to the art is the fundamental requirement of every § 102 and § 103 opinion. "An expert **must** compare the construed claims to the prior art." *TiVo, Inc. v. Echostar Communs. Corp.*, 516 F.3d 1290, 1311 (Fed. Cir. 2008) (citations omitted). An expert opinion that compares the prior art to plaintiff's "infringement analysis" will be excluded. *Id.*

That improper comparison is exactly what some of Dr. Nourbakhsh's invalidity opinions do. Throughout his report, Dr. Nourbakhsh ███████████████████████████████████████████████████████████████████████. For example, Dr. Nourbakhsh—addressing the '752 Patent limitation "a longitudinal loop design having: a forward speed hold loop; a pitch attitude loop; and a pitch rate loop"—███████████████████████████████████████████████████████████████████████████████████████████████. Ex. E (Nourbakhsh Invalidity Report) at ¶ 971. Dr. Nourbakhsh states that ███████████████████████████████████████████████████████████. *Id.* Then, Dr. Nourbakhsh cites ███████████████████████████████████████████████████████████████████████. *Id.* at ¶ 972. But nowhere does Dr. Nourbakhsh ███████████████████████████████████. *See id.* at ¶¶ 971-975.

Dr. Nourbakhsh's deposition testimony for that example confirms that he performed an improper comparison. When asked to explain his mapping to the claim language, all Dr. Nourbakhsh could say is that █████████████████████████████████:

███████████████████████████████████████
███████████████████████████



Ex. B at 129:8-20; 126:16-128:12 (███████████████████████████████████

███████████████████████████████████). And Dr. Nourbakhsh confirmed that ███████████████████████████████

███████████████████████████████. *Id.* at 128:13-129:3. Rather, that analysis would require a new analysis. *See id.* at 129:4-7.

Dr. Nourbakhsh's invalidity report ███████████████████████████████

█████████████████. █████████████████████████████████████

█████████████████████████. That improper analysis violates the fundamental requirement of all reliable and relevant invalidity opinions: comparing the art to the claims. *TiVo*, 516 F.3d at 1311-12. These opinions should be excluded.

> 2. *Dr. Nourbakhsh's invalidity opinions are based on infringement theories and supposed claim constructions he disagrees with*

Another reason for excluding Dr. Nourbakhsh's invalidity opinions is that they are based on ███████████████████████████████████████████. Federal Rule of Evidence 702 requires experts to base their testimony on "reliable principles and methods." Fed. R. Evid. 702. The Court's gatekeeper function ensures "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Burleson v. Tex. Dep't of Crim. Justice*, 393 F.3d 577, 584 (5th Cir. 2004). Experts must undertake their own analyses. *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015). "[A]n expert may not offer an opinion she believes

to be incorrect or unreliable." *Id.* at *3. Instead, "[t]he expert must apply her expertise to 'assess the validity' of each opinion he offers and endorse it." *Id.*

*Genband US LLC v. Metaswitch Networks Corp.* is instructive of those principles. 2015 WL 12911530. There, the Court addressed an expert invalidity opinion in the context of a motion in limine to "preclude evidence or argument comparing any alleged prior art to Genband's infringement theories rather than the asserted claims and the Court's claim construction." *Id.* at *2. The Court explained that "if an expert disagrees with the principles and methods embodied in an adverse party's infringement theory, that expert is not permitted under Rule 702 to apply the adverse party's infringement theory to affirmatively conclude that the patent is invalid." *Id.* at *3.[2] The "key distinction is whether the expert has independently assessed the proffered opinion and endorsed it as reliable." *Id.* "If [the accused infringer's] expert disagrees with [the patentee's] infringement theories, then [the accused infringer's] expert may not rely on [the patentee's] infringement theories to support an affirmative opinion that the patent is invalid." *Id.*

Dr. Nourbakhsh's opinions run afoul of these reliability principles. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Instead, Dr. Nourbakhsh testified that



---

[2] Although the *Genband* court explained that an "expert could also point out contradictions or inconsistencies between a party's infringement and validity theories," (*id.* at 3), that is not what Dr. Nourbakhsh is doing. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

9

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



Ex. B at 110:2-24. And, as noted above, Dr. Nourbakhsh did not ▌

▌. *Id.* at 110-112:23, 128:13-129:3, 129:4-7.

Dr. Nourbakhsh's challenged opinions are not reliable because they are based on ▌

▌. These opinions should be excluded.

C.  **The Court Should Exclude Dr. Nourbakhsh's Opinions Suggesting DJI's Products Invalidate TII's Patents Where DJI Has Never Asserted Those Products Are Prior Art**

Dr. Nourbakhsh's opinions attempt to back-door invalidity arguments based on DJI prior art that DJI has never alleged even qualifies as prior art. The Court issued a scheduling order that required DJI to disclose its initial and final invalidity contentions. Dkt. No. 54. As the Court knows, "contentions narrow issues and set boundaries for trial." *Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 4619791, at *2 (E.D. Tex. Oct. 16, 2017) (granting a motion to strike portions invalidity report rendering opinions about references that were not disclosed in invalidity contentions). Where there are no invalidity contentions alleging that a product invalidates claims, opinions that a product came before asserted patents are irrelevant, confusing, and are not helpful

to the jury. Fed. R. Evid. 702. The Court's OGP also requires "a chart setting forth where in the prior art references each element of the asserted claim(s) are found . . ."; but DJI failed to abide by this clear requirement.

DJI served initial and final invalidity contentions that do not allege invalidity of the '752 Patent based on any DJI products. Ex. F (DJI's Preliminary Invalidity Contentions), and G (DJI's Final Invalidity Contentions). And DJI has never moved for leave to add any DJI products to its invalidity case for that patent.

Despite the contentions' lack of an invalidity theory based on a DJI product, Dr. Nourbakhsh now renders opinions that suggest ▮▮▮. In his rebuttal non-infringement report, Dr. Nourbakhsh includes ▮▮▮ ▮▮▮. The intent of that section is seen in the first sentence: "▮▮▮" Ex. A at ¶ 237. Dr. Nourbakhsh then launches into ▮▮▮ ▮▮▮. *Id.* (▮▮▮). Dr. Nourbakhsh then piles on by ▮▮▮ ▮▮▮. *Id.* (▮▮▮). These types of opinions based on DJI products appear elsewhere in ▮▮▮. *See id.* at ¶ 295 (▮▮▮ ▮▮▮).

11

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

DJI never disclosed any of these products as prior art to the '752 Patent, and Dr. Nourbakhsh acknowledges ███████████████████████████████████████. Ex. B at 185:9-11 (███████████████████████████████████████████████████████); 192:11-20 (same for ¶ 295). Moreover, DJI did not provide invalidity charts for these prior products, in contravention of the Court's OGP. However, their only purpose, as the above quotes show, is to suggest that DJI invented the '752 Patent technology first. But, having failed to properly disclose the products as prior art, DJI cannot make that suggestion through Dr. Nourbakhsh's opinions. Those opinions would be irrelevant, confusing, and not helpful to the jury. They should be excluded. *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.,* 50 F. Supp. 2d 619, 628 (E.D. Tex. 1999) (excluding belated disclosure of a prior art system because the patentee did not have sufficient time to "absorb the various facets of the … system" that were in the defendant's control to investigate.).

## II.  CONCLUSION

DJI's expert, Dr. Nourbakhsh, seeks to offer opinion testimony that is unreliable and inadmissible at trial. TII respectfully requests that the Court exclude Dr. Nourbakhsh's i) non-infringement opinions that re-argue the same constructions DJI proposed and the Court rejected during *Markman*, ii) invalidity opinions that do not apply the correct invalidity analysis and are based on TII's infringement theories that Dr. Nourbakhsh does not agree with, and iii) invalidity opinions based on DJI products that were not disclosed as invalidating art in DJI's invalidity contentions. Example paragraphs where these issues appear are identified in the proposed order.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated:  January 31, 2023

Respectfully submitted,

/s/ *Kevin J. Meek*

Kevin J. Meek
Texas Bar No. 13899600
**MCDERMOTT WILL & EMERY LLP**
303 Colorado Street, Suite 2200
Austin, TX 78701
Telephone: (512) 726-2575
Facsimile: (512) 233-5216
kmeek@mwe.com

Harrison Rich *(pro hac vice)*
Texas Bar No. 24083730
Kurt Pankratz
Texas Bar No. 24013291
Morgan Mayne
Texas Bar No. 24084387
Emily Felvey
Texas Bar No. 24116352
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-4896
harrison.rich@bakerbotts.com
kurt.pankratz@bakerbotts.com
morgan.mayne@bakerbotts.com
emily.felvey@bakerbotts.com

Mark Speegle
Texas Bar No. 24117198
Boyang Zhang – *pro hac vice*
Texas Bar No. 24125473
**BAKER BOTTS L.L.P.**
401 South 1st Street, Suite 1300
Austin, TX 78704
Telephone: (512) 322-2587
Facsimile: (512) 322-3687
mark.speegle@bakerbotts.com
boyang.zhang@bakerbotts.com

Arya Moshiri *(pro hac vice)*
California Bar No. 324231
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600

San Francisco, CA 94111
Telephone: (415) 291-6223
Facsimile: (415) 291-6323
arya.moshiri@bakerbotts.com

Mark D. Siegmund
State Bar No. 24117055
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689
mark@swclaw.com
jenn@swclaw.com

***ATTORNEYS FOR PLAINTIFF
TEXTRON INNOVATIONS INC.***

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff met and conferred with counsel for Defendants. Counsel for Defendants indicated that Defendants oppose this motion, and the parties were not able to reach agreement on this matter.

By: /s/ *Kevin J. Meek*
       Kevin J. Meek

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, all counsel of record were served with the foregoing document via e-mail.

By: /s/ *Kevin J. Meek*
Kevin J. Meek

### FILED UNDER SEAL

I hereby certify that on January 31, 2023 I electronically filed the foregoing document under seal with the Clerk of the Court using the CM/ECF system pursuant to the Court's Standing Order regarding Filing Documents under Seal in Patent Cases and Redacted Pleadings dated March 7, 2022.

By: /s/ *Kevin J. Meek*
Kevin J. Meek