**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION 6:21-cv-00740-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., SHENZHEN DAJIANG BAIWANG TECHNOLOGY CO. LTD., AND IFLIGHT TECHNOLOGY COMPANY LTD., | § § § § § | |
| *Defendants*. | | |

**TEXTRON INNOVATIONS' REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN TESTIMONY AND EXPERT OPINIONS OF DJI'S NON-INFRINGEMENT AND INVALIDITY EXPERT DR. ILLAH NOURBAKHSH**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

I.   Dr. Nourbakhsh Is Re-Arguing DJI's Rejected Claim Constructions ............................... 1

II.  Dr. Nourbakhsh Did Not Compare The Art to the Claims .................................... 5

    A.   DJI mischaracterizes Dr. Nourbakhsh's invalidity opinions: his analysis compares the art to TII's infringement contentions .................................. 5

    B.   DJI's acknowledgment that Dr. Nourbakhsh disagrees with TII's contentions confirms his testimony is unreliable ........................................ 7

III. DJI's Response Confirms That Dr. Nourbakhsh Is Back-Dooring an Invalidity Case Through Products Not in DJI's Invalidity Contentions ....................................... 7

IV.  Conclusion ........................................................................ 8

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Baxter Int'l, Inc. v. Carefusion Corp.*,
   No. 15 C 9986, 2022 WL 444212 (N.D. Ill. Feb. 14, 2022) ......................................................3

*CAO Lighting, Inc. v. GE Lighting, Inc.*,
   1:20-cv-00690-GBW, Dkt. 372 (D. Del. Jan. 30, 2023) ............................................................4

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   2016 WL 4718963 (E.D. Tex. July 12, 2016) .......................................................................5, 7

*Genband US LLC v. Metaswitch Networks Corp.*,
   2015 WL 12911530 (E.D. Tex. Sept. 30, 2015) .......................................................................7

*Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*,
   2022 WL 17886016 (C.D. Cal. Dec. 6, 2022) ..........................................................................4

*Markman. Apple, Inc. v. Samsung Elecs. Co.*,
   No. 12-cv-00630, 2014 WL 660857 (N.D. Cal. Feb. 20, 2014) ........................................1, 3, 4

*Smith Int'l, Inc. v. Baker Hughes Inc.*,
   1:16-cv-00056, Dkt. 338 (D. Del. Aug. 18, 2020) ....................................................................3

*Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*,
   8:17-cv-02032, 2020 WL 7347860 (C.D. Cal. Nov. 18, 2020) ................................................3

*TiVo, Inc. v. EchoStar Commcn's Corp.*,
   516 F.3d 1290 (Fed. Cir. 2008) ................................................................................................5

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
   A-15-CV-597-RP, 2017 WL 404519 (W.D. Tex. Jan. 27, 2017) .............................................4

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

DJI oddly frames this Motion—and just about every other TII motion—as being about TII "seeking to avoid trying this case on the merits." Dkt. 174 at 1. But it is DJI that is avoiding the merits by re-arguing claim construction proposals that it already lost. DJI's opposition pretends that the Court did not reject its proposals and that its expert is merely providing what he understands is the plain and ordinary meaning. Not coincidentally, the expert's meaning just so happens to be the same rejected meaning DJI proposed during *Markman*. But the Court's adoption of plain and ordinary meaning was not an invitation for DJI to get a second bite at the apple.

DJI also seeks to avoid the consequence of Dr. Nourbakhsh performing an improper invalidity analysis. The issue is not, as DJI frames it, about applying the "same interpretation . . . to infringement and invalidity." *Id.* Rather, the issue is whether Dr. Nourbakhsh's invalidity analysis mapping the art *to TII's infringement contentions*—which he disagrees with—is a proper and reliable analysis. The case law says it is not. And the Court should reject DJI's attempt to mischaracterize Dr. Nourbakhsh's opinions as actually having done a proper art-to-claim mapping.

DJI's response mischaracterizes Dr. Nourbakhsh's opinions about certain DJI products as innocuous "background information." *Id.* But DJI's response reveals DJI's true intent: to back-door a "we did it first" story, telling the jury DJI's products "predate" the '752 Patent. There is very little that a defendant can do that is more unfairly prejudicial than to present the jury with *expert* testimony proclaiming that the defendant's own technology pre-dated the asserted patent. This is why there are rigorous requirements for disclosing prior art contentions. DJI should not be allowed to circumvent those rules under the guise of "background information."

**I.   DR. NOURBAKHSH IS RE-ARGUING DJI'S REJECTED CLAIM CONSTRUCTIONS**

DJI's response is premised on ignoring the Court's rejection of DJI's proposed claim constructions during *Markman*. Dkt. 174 at 2. DJI, however, cannot rewrite history. The parties disputed each of the terms at issue during *Markman*, and, for each term at issue here, the Court

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

adopted TII's plain and ordinary meaning proposal over DJI's proposal. Dkt. 145 at 3-6. How is that anything other than rejecting DJI's claim construction proposal?

DJI also suggests that Dr. Nourbakhsh applies the literal words of the claim rather than DJI's rejected constructions. Dkt. 174 at 7 (arguing "he is applying the plain and ordinary meaning—using identical language to the claim language"). Not true. Dr. Nourbakhsh is arguing non-infringement using the same construction that DJI (and Dr. Nourbakhsh himself) offered during claim construction and the Court rejected:

| Term | DJI's Rejected Construction | Dr. Nourbakhsh's Expert Report |
|---|---|---|
| "selected" velocity or position | "a velocity and/or position **chosen by the operator**" Dkt. 66 at 11. | "[T]he plain and ordinary meaning of 'selected velocity' in this limitation does require **a choice of relative velocity [or position] by the operator**." Dkt. 145, Ex. A at ¶ 57. |
| "forward speed hold loop" | "loop for **maintaining the aircraft's forward speed** that automatically engages **to maintain the current forward speed** . . ." Dkt. 66 at 11; *see also id.* (framing dispute as whether "forward speed hold results in the aircraft maintaining its current forward speed, as proposed by DJI, or whether it results in the aircraft slowing down to a stop and hovering . . . as Textron appears to contend" | "[T]he plain and ordinary meaning of a "forward speed hold loop" and a "lateral speed hold loop" is a loop that **holds the forward speed** and lateral speed, respectively." Dkt. 145, Ex. A at ¶¶ 259, 262.<br><br>Arguing that "forward speed hold loop" does not encompass "braking towards a speed of zero." *Id.* at ¶ 259. |

And DJI does not address Dr. Nourbakhsh's deposition admissions that he is applying the exact same meaning that he and DJI applied during claim construction. Dkt. 145 at 5 (citing deposition admissions); Dkt. 174 at 2-7 (failing to address deposition admissions).[1]

Tacitly conceding that Dr. Nourbakhsh is doing more than using the words of the claim,

---

[1] DJI argues that it should get to re-argue claim construction for the "lateral speed hold loop" term because DJI proposed indefiniteness and not a specific construction. Dkt. 174 at 4. But DJI waived its opportunity to argue for a specific construction (like Dr. Nourbakhsh does now) by failing to propose such a construction in the alternative to its indefiniteness argument.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

DJI argues that Dr. Nourbakhsh can apply DJI's rejected constructions as the plain and ordinary meaning because the "Court did not rule on what that meaning is." Dkt. 174 at 2. But the clear implication from the Court's order is that the Court ruled that DJI's proposals were not the correct plain and ordinary meaning. And "[t]he Court's 'plain and ordinary' meaning construction . . . is not an invitation for [DJI] to argue a construction of that term that the Court explicitly rejected. *Baxter Int'l, Inc. v. Carefusion Corp.*, No. 15 C 9986, 2022 WL 444212, at *9 (N.D. Ill. Feb. 14, 2022) (excluding expert testimony for re-arguing a rejected construction after the Court adopted plain and ordinary meaning). Parties that lose a construction during *Markman* should not be allowed a second bite at the claim construction apple through their experts.

All of DJI's cited cases are distinguishable. Unlike the facts here, none of DJI's cited cases involve a court rejecting a party's proposed construction during *Markman* and that party re-arguing its rejected construction under the guise of plain and ordinary meaning. Instead, DJI's cases involve experts addressing terms that were not addressed during *Markman*. *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014) (addressing motion to strike "[w]here, *as here*, parties '*did not seek construction*' of the terms at issue); *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*, 8:17-cv-02032, 2020 WL 7347860, at *4 (C.D. Cal. Nov. 18, 2020) (stating that "[w]here, as here, parties 'did not seek construction' of the terms at issue")[2]; *Smith Int'l, Inc. v. Baker Hughes Inc.*, 1:16-cv-00056, Dkt. 338 at 1 n.1 (D. Del. Aug. 18, 2020) (addressing opinion about "terms that were not construed by the Court"). And DJI's cited *Nichia Corp. v. Feit Elec. Co.* case supports TII more than DJI because the court excluded opinions about

---

[2] In *Sportspower*, the parties' claim construction briefing illustrates that the term at issue was not addressed during *Markman*. *Compare Sportspower*, 2019 WL 1033955, at *1 (addressing, in plaintiff's *Markman* brief, the term "ridge"), *with Sportspower*, 2020 WL 7347860, at *3-*4 (addressing, in motion in limine, the term "stress").

the meaning of terms where the Court had previously adopted plain and ordinary meaning constructions and ordered that the experts may not provide claim construction for terms not addressed during *Markman*. 2022 WL 17222250, at *11 (C.D. Cal. Oct. 12, 2022) (according unconstrued terms not addressed during *Markman* their plain and ordinary meanings, but stating that the expert cannot provide claim construction).

Ultimately, the only on-point cases are the ones that TII cited. Dkt. 145 at 2-4 (citing *YETI Coolers, LLC v. RTIC Coolers, LLC*, A-15-CV-597-RP, 2017 WL 404519 (W.D. Tex. Jan. 27, 2017) and *Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*, 2022 WL 17886016 (C.D. Cal. Dec. 6, 2022)). DJI oddly faults this District's *YETI Coolers* case as being "a nonprecedential case before a different judge," yet all of DJI's cited cases are from different districts and several are nonprecedential. *See* Dkt. 174 at 2-6. DJI also fails to distinguish *YETI* on the merits. TII cited and discussed how the court excluded an expert for re-arguing a rejected construction for the phrase "lip configured to conceal . . ." Dkt. 145 at 2. DJI, however, tried to distinguish the case based on a different claim term and different rationale the Court used to exclude the expert's opinion on that term. Dkt. 174 at 6-7. TII's analogy remains unchallenged and indistinguishable from this case.

As TII's cited cases show, DJI is wrong that this motion is an improper summary judgment motion. *Id.* at 4. Rather, the proper remedy for re-arguing a rejected or waived construction is exclusion of an expert's opinion that argues non-infringement based on that type of construction. *CAO Lighting, Inc. v. GE Lighting, Inc.*, 1:20-cv-00690-GBW, Dkt. 372 at 6-8 (D. Del. Jan. 30, 2023) (granting *Daubert* to exclude expert from opining on non-infringing using construction court had rejected).[3] It is not TII that is attempting to "avoid the merits" of the case; it is DJI who is

---

[3] DJI's technical expert rendered non-infringement opinions based on other terms that are not subject to this Motion, so the Motion would not exclude all of DJI's non-infringement arguments.

4

attempting to avoid the merits by relitigating claim constructions that the Court already rejected.

II.  **DR. NOURBAKHSH DID NOT COMPARE THE ART TO THE CLAIMS**

This Motion is not about, as DJI says, applying "different meanings to infringement and invalidity." Dkt. 174 at 7. Rather, the Motion is about whether DJI's invalidity expert has a reliable opinion when he (1) compares the art to TII's infringement contentions rather than the claims, (2) disagrees with TII's infringement contentions and supposed interpretations, and (3) has not done any analysis under what he views is the correct interpretation of the claim. That type of opinion is not reliable, and DJI cannot make it so by mischaracterizing what its expert did.

A.  **DJI mischaracterizes Dr. Nourbakhsh's invalidity opinions: his analysis compares the art to TII's infringement contentions**

DJI does not dispute that an invalidity expert "must '[compare] the construed claims to the prior art.'" Dkt. 145 at 7 (citing *TiVo, Inc. v. EchoStar Commcn's Corp.*, 516 F.3d 1290, 1311 (Fed. Cir. 2008)); Dkt. 174 at 9-10 (not disputing the *TiVo* rule). The consequence under FRE 702 for rendering an opinion that performs that type of improper opinion is exclusion. *TiVo*, 516 F.3d at 1311 (affirming exclusion of testimony about "how the prior art related to '[plaintiff's expert's] view of the claims'"); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2016 WL 4718963 (E.D. Tex. July 12, 2016) (precluding testimony that compares art to accused product).

DJI attempts to avoid application of the *TiVo* rule by arguing that Dr. Nourbakhsh "compares the prior art to the claims based on [TII's] interpretation." Dkt. 174 at 9. But DJI is mischaracterizing Dr. Nourbakhsh's challenged opinions. For each of those opinions, Dr. Nourbakhsh compares the art to *TII's infringement contentions*—without mapping the art to the *claims*. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Although DJI argues that Dr. Nourbakhsh "directly map[ped] the prior art to the claimed 'longitudinal loop design,'" nowhere did he do that. *Id.* DJI's quotes are

5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dr. Nourbakhsh discussing Swope's alleged disclosures ("a pitch angular rate loop, a pitch attitude loop, [and] a translational velocity loop") from Swope's Figure 3. He does not map those disclosures to the actual claim language at issue. Dkt. 145, Ex. E at ¶¶ 971-75.

Contrary to DJI's argument that TII cited "only [one] example," TII's Exhibit E cited every instance where Dr. Nourbakhsh provided an improper comparison in his report. Dkt. 174 at 8. To be sure, ▮



▮ Nowhere in paragraph 372 does Dr. Nourbakhsh address the actual claim limitation of "commanded data representing a selected velocity of the aircraft relative to the reference vehicle." This analysis is plainly comparing the art to TII's contentions.

None of DJI's cited cases save Dr. Nourbakhsh's opinions. In each of those cases, the expert compared the prior art to the claim limitations, not the accused products. Ex. H-1-H-5 (highlighting where case confirms comparison). But Dr. Nourbakhsh did the opposite: he compared the art to TII's infringement contentions. That is improper, unreliable, and not a matter for cross examination. The remedy is excluding the challenged testimony because Dr. Nourbakhsh admittedly does not have any other independent analysis. Dkt. 145, Ex. B at 128:13-129:7.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### B. DJI's acknowledgment that Dr. Nourbakhsh disagrees with TII's contentions confirms his testimony is unreliable

DJI acknowledges that Dr. Nourbakhsh "disagrees" with TII's contentions and supposed interpretations that he relies on in his invalidity analysis. Yet, DJI argues that its cited cases still allow Dr. Nourbakhsh to apply TII's supposed interpretations in his invalidity analysis. Dkt. 174 at 11. But none of DJI's cited cases involve an expert, like Dr. Nourbakhsh, that (1) failed to compare the art to the claims and (2) disagrees with the contentions and supposed interpretations that they are using. Like DJI, those cases do not address the central reliability issue that the Motion raises: Dr. Nourbakhsh is relying on things he thinks are incorrect.

DJI's attempt to distinguish *Genband US LLC v. Metaswitch Networks Corp.* only confirms that the case applies here. Dkt. 174 at 11 (citing 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015)). DJI acknowledges that the case involved "comparing . . . prior art to infringement theories rather than the asserted claims" and "stands for the proposition that 'an expert may not offer an opinion she believes to be incorrect or unreliable.'" *Id.* Those facts are exactly what Dr. Nourbakhsh did here. He compared the art to infringement theories and confirmed at his deposition that he disagrees with those theories. *Genband* applies here and confirms the opinions are unreliable and should be excluded. *Core Wireless*, 2016 WL 4718963, at *3 (precluding comparing art to accused product to prevent juror confusion and to ensure reliable expert testimony under Rule 702).

### III. DJI'S RESPONSE CONFIRMS THAT DR. NOURBAKHSH IS BACK-DOORING AN INVALIDITY CASE THROUGH PRODUCTS NOT IN DJI'S INVALIDITY CONTENTIONS

DJI's response concedes that DJI never asserted that its own products with hovering technology invalidates the '752 Patent. Dkt. No. 174 at 12. Yet, in the same breath, DJI exposes the true intent behind Dr. Nourbakhsh's use of the DJI products at issue: back-dooring a "we did it first" story by arguing that DJI's hovering technology "*predate[es] the '752 Patent.*" *Id.* But, having conceded that it never asserted that technology invalidates the '752 Patent (e.g., in DJI's

7

invalidity contentions), DJI cannot now skirt the Court's scheduling order and local rules by back-dooring an invalidity story through Dr. Nourbakhsh.

DJI strains to find some other non-invalidity use for the challenged opinion, but both of DJI's explanations are hollow. First, DJI argues Dr. Nourbakhsh is "correcting" TII's damages expert's opinion that DJI released hovering technology in 2012. *Id.* DJI mischaracterizes that opinion. TII's damages expert cited to DJI's own interrogatory response—███████████ ████████████████████████████████████████████—for purposes of determining the first date of infringement for the hypothetical negotiation. Ex. I at ¶ 44 (citing Ex. J at 15, 26 (████████████████████████████████████████████)), 140. All parties agree that the first date of infringement is the '752 Patent's 2015 issue date because DJI's hovering technology was being sold as of 2012. Ex. K at ¶ 108 (assuming that TII's damages expert's opinion on the 2015 hypothetical negotiation date is correct). So, there is no need for DJI to "correct" TII's damages expert's opinion with Dr. Nourbakhsh's back-door invalidity story. Second, DJI argues that Dr. Nourbakhsh provides "background of DJI's hovering technology." Dkt. 174 at 12. DJI understates Dr. Nourbakhsh's opinions. Those opinions go to great lengths to discuss aspects of DJI's products and its founder's story—based on hearsay Internet articles and documents—that target the '752 Patent claim elements. Dkt. 145 at ¶¶ 237, 295. Dr. Nourbakhsh does this while repeatedly making the point that the products "predated the '752 Patent." *Id.* This is not general company "background" like TII's expert provided; it is close to an element-by-element invalidity argument with a clear intent of telling an invalidity story.

### IV. CONCLUSION

The Court should exclude Dr. Nourbakhsh's challenged opinions. They re-argue rejected claim construction positions, improperly compare the art to the accused products, back-door an invalidity story that was never disclosed to TII. These opinions should not be left for cross.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated:  February 21, 2023

Respectfully submitted,

/s/ Kevin Meek

Harrison Rich *(pro hac vice)*
Texas Bar No. 24083730
Kurt Pankratz
Texas Bar No. 24013291
Morgan Mayne
Texas Bar No. 24084387
Emily Felvey
Texas Bar No. 24116352
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-4896
harrison.rich@bakerbotts.com
kurt.pankratz@bakerbotts.com
morgan.mayne@bakerbotts.com
emily.felvey@bakerbotts.com

Kevin J. Meek
Texas Bar No. 13899600
**MCDERMOTT WILL & EMERY**
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (512) 726-2575
Facsimile: (972) 920-3157
kmeek@mwe.com

Mark Speegle
Texas Bar No. 24117198
Boyang Zhang – *pro hac vice*
Texas Bar No. 24125473
**BAKER BOTTS L.L.P.**
401 South 1st Street, Suite 1300
Austin, TX 78704
Telephone: (512) 322-2587
Facsimile: (512) 322-3687
mark.speegle@bakerbotts.com
boyang.zhang@bakerbotts.com

Arya Moshiri *(pro hac vice)*
California Bar No. 324231
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

San Francisco, CA 94111
Telephone: (415) 291-6223
Facsimile: (415) 291-6323
arya.moshiri@bakerbotts.com

Mark D. Siegmund
State Bar No. 24117055
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689
mark@swclaw.com
jenn@swclaw.com

***ATTORNEYS FOR PLAINTIFF***
***TEXTRON INNOVATIONS INC.***

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**FILED UNDER SEAL**

I hereby certify that on February 21, 2023, I electronically filed the foregoing document under seal with the Clerk of the Court using the CM/ECF system pursuant to the Court's Standing Order regarding Filing Documents under Seal in Patent Cases and Redacted Pleadings dated March 7, 2022.

/s/ Kevin J. Meek

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023, all counsel of record were served with the foregoing document via e-mail.

By: /s/ *Kevin Meek*
Kevin Meek

John Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
Jacqueline P. Altman
State Bar No. 24087010
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
Telephone: (254) 755-4100
Facsimile: (254) 754-6331
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

Benjamin Schlesinger (*pro hac vice* to be filed)
Robert High (*pro hac vice* to be filed)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400

11

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Atlanta, Georgia 30363
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
benjamin.schlesinger@finnegan.com
robert.high@finnegan.com

J. Michael Jakes (*pro hac vice* to be filed)
Qingyu Yin (*pro hac vice* to be filed)
Joshua Goldberg (*pro hac vice* to be filed)
Sydney Kestle (*pro hac vice* to be filed)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
mike.jakes@finnegan.com
qingyu.yin@finnegan.com
joshua.goldberg@finnegan.com
sydney.kestle@finnegan.com

Jacob Schroeder (*pro hac vice* to be filed)
Jinwoo Kim (*pro hac vice* to be filed)
Yanyi Liu (*pro hac vice* to be filed)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
Stanford Research Park
3300 Hillview Avenue, 2nd Floor
Palo Alto, California 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666
jacob.schroeder@finnegan.com
jinwoo.kim@finnegan.com
yanyi.liu@finnegan.com

*Counsel for Defendants SZ DJI Technology Co., Ltd.,
DJI Europe B.V., Shenzhen Dajiang Baiwang Technology
Co. Ltd., and iFlight Technology Company Ltd.*