IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TEXTRON INNOVATIONS INC.,** § | | |
| *Plaintiff,* § | | |
| § | | W-21-CV-00740-ADA |
| *v.* § | | |
| § | | |
| **SZ DJI TECHNOLOGY CO., LTD., DJI** § | | |
| **EUROPE B.V., SHENZHEN DAJIANG** § | | |
| **BAIWANG TECHNOLOGY CO. LTD.,** § | | |
| **AND IFLIGHT TECHNOLOGY** § | | |
| **COMPANY LTD.,** § | | |
| *Defendants.* | | |

REPORT AND RECOMMENDATIONS OF
THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are the various pretrial motions listed in the table below. The Court heard oral argument on these motions on March 27, 2023. For the reasoning stated on the record during the hearing, the Court issued the following recommendations, which are memorialized below.

### I.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to

the proposed findings and recommendations contained in this Report within fourteen (14) days shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. See 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

## II.   THE COURT'S RECOMMENDATIONS

| Movant | Motion | Docket No. | Recommendation |
|---|---|---|---|
| Defendants | Defendants' Motion to Exclude Opinions and Testimony of Plaintiff's Expert Jeffrey Andrien | 152 | **DENIED** with respect to Defendants' position as a Chinese company, as this is more appropriate for a motion *in limine*.<br>**DENIED** as to incremental profits, as the calculations are based on the unchallenged testimony of the technical expert, among other evidence.<br>**DENIED** as to survey use, as it was based on Plaintiff's historical use of a 25% rule.<br>**DENIED** as to the failure to include a manufacturer, as this is more appropriate for cross-examination. |
| Plaintiff | Plaintiff's Motion for Leave to Serve Supplemental Opening Expert Reports | 137 | **GRANTED**. Defendants are permitted to submit a rebuttal report of equal length within seven days of the March 28. 2023. The parties are to meet and confer on whether a deposition is needed. |
| Defendants | Defendants' Motion to Strike Plaintiff's Belated Document Production and its New Theory and Evidence in its | 216 | **GRANTED** as to Plaintiff's pierce-the-veil theory as there were no factual allegations sufficient to put Defendants on notice of the theory. |

| | | | |
|---|---|---|---|
| | Opposition to Defendant' Motion for Partial SJ | | **DENIED** as to the USPTO filings as those are filings made by Defendants and Plaintiff had an excuse for the late production. |
| Defendants | Defendants' Motion for Partial Summary Judgment | 151 | **DENIED** as to direct infringement. Plaintiff's evidence of website operation and the purchase agreement raises a fact question about whether Defendants directly infringed by offering to sell the Accused Products.<br><br>**GRANTED** as to the piercing-the-veil theory for the reasons described in the Court's recommendation on ECF No. 216.<br><br>**GRANTED** as to pre-suit induced and willful infringement. While there is adequate evidence that Defendants knew of the '909, '359 and '752 patents, there is insufficient evidence that Defendants knew they infringed. |
| Defendants | Defendants' Motion for Leave to Amend their Answer to Add Defense of Unenforceability Due to Inequitable Conduct | 110 | **GRANTED**. The evidence was not produced until after the inventor's deposition, so there is sufficient excuse for the delay. Further, the parties briefed the issue, which alleviates any prejudice. |
| Plaintiff | Plaintiff's Motion for Summary Judgment of No Inequitable Conduct | 144 | **DENIED**. A fact question about inequitable conduct exists because of the late production of the documents, the discrepancy between the inventor's description of the documents and the actual documents, the inventor's description of using the documents to determine implementation of his invention, and the modifications to the '752 patent during prosecution. |
| Plaintiff | Plaintiff's Motion to Strike Testimony and Expert Opinions of Non-Infringing Alternatives | 148 | **DENIED**. |
| Plaintiff | Plaintiff's Motion to Exclude the Testimony of Mr. Todd Schoettelkotte | 141 | **GRANTED** with regard to reliance on the settlement agreements under Rule 702 as unreliable and Rule 403 as misleading, as the license agreements did not involve the same parties or any of the patents-in-suit.<br><br>**DENIED** in all other respects as any adjustments made under *Georgia-Pacific* and conversations |

3

| | | | |
|---|---|---|---|
| | | | with Mr. Ai regarding availability go to the weight, rather than admissibility, of the opinion. |
| Plaintiff | Plaintiff's Motion to Exclude Certain Testimony and Expert Opinions of DJI's Non-Infringement and Invalidity Expert Dr. Illah Nourbakhsh | 145 | **DENIED** as to Dr. Nourbakhsh's explanation of plain and ordinary meaning, provided he does not contradict or try to limit the Court's construction.<br><br>**DENIED** as to Dr. Nourbakhsh's invalidity opinions that refer to Plaintiff's interpretation of the claims, since he anchors those opinions with how the prior art applies to the claim element.<br><br>**GRANTED** as to Dr. Nourbakhsh's references to undisclosed prior art in ¶¶ 237, 295 of his Non-Infringement Report. |
| Plaintiff | Plaintiff's Motion for Summary Judgment that the Asserted Claims of the '909, '085, and '752 Patents are Patent Eligible under § 101 | 146 | **GRANTED**. The asserted claims are not directed to an abstract idea. |
| Plaintiff | Plaintiff's Motion for Summary Judgment of IPR Estoppel | 150 | **DENIED**. 35 U.S.C. § 315(e)(2) refers solely to patents and printed publications. This is also in accordance with caselaw from this Circuit. |

**SIGNED** this 29th day of March, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

4